EDWARD M. BAILEY *vs.* FRANK P. DUFFY, Town Treasurer,. Town of West Warwick.

EDWARD G. McGUIRE *vs.* SAME.

JUNE 14, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Public Schools.   Employment of Janitors.   School Committee.*

Gen. Laws, cap. 67, § 9, confers upon school committees the authority to employ janitors and fix their salaries.

*(2)   Public Schools.   School Committees.   Financial Town Meetings.*

A financial town meeting in making an appropriation for the public schools has no authority to regulate the salaries of school janitors by providing that no more than a certain amount of money shall be expended for their salaries, as under the statutes the authority to employ janitors and to fix their salaries is vested in the school committee.

*(3)   Municipal Corporations.   Town Treasurer.   Town Auditor.   School Committee.*

Under Gen. Laws, cap. 66, § 11, providing that the town treasurer shall "receive the money due the town from the state for public schools and shall keep a separate account of all money appropriated by the state or town for public schools and shall pay the same to the order of the school committee," the approval of orders of the school committee by the town auditor, is not required.

*(4)   Municipal Corporations.   School Committee.*

The school committee of a town and not the financial town meeting is authorized to employ clerical assistance in the office of the school committee and fix the compensation of the clerks.

MANDAMUS.   Heard on petition for writ and granted.

RATHBUN, J.   Each of the above cases is a petition to this court for a writ of *mandamus* to compel the treasurer of the town of West Warwick to honor the drafts of the school

committee for said town to pay.expenses for the maintenance of the public schools of said town. The first petition is brought to compel the honor of drafts for the payment, of salaries of school janitors, and the second to compel the honor of drafts for the payment of the salary of the assistant clerk of the school committee.

Edward M. Bailey is one of the several janitors employed by said committee to care for public school houses. It appears that there is due said Bailey by terms of his employment, as janitor, by said committee the sum of $180.00 for services rendered from January 31 to February 28, 1923. On February 19, 1923 said committee drew an order on said Treasurer for the sum of $677.50 for the purpose of paying the salaries which were due said janitors on said February 28 and on March 27, 1923 said committee drew another order on said treasurer for the sum of $842.50 to pay the salaries which had in the meantime become due said janitors. The treasurer refused to honor either of said orders for the following reasons: 1. Because the only fund which the respondent believed was available for the payment of janitor's salaries was insufficient to pay either of said orders. 2. Because the orders were not approved by the town auditor.

No order for the petitioner's salary was presented to the respondent except the above general orders for money to pay all of said janitors.

At the financial town meeting of West Warwick held on May 16, 1922 the following resolution was passed:

"RESOLVED that One Hundred Ten Thousand Dollars be and the same is hereby appropriated for the support of the Town's High School, its elementary day and night schools, and for all purposes connected with the maintenance of said schools. This sum to be in addition to all other sums received by this Town under the laws of Rhode Island for the support of public schools herein. This appropriation is made subject to the following provisions which shall be binding upon the Town Treasurer:

"1. No part thereof shall be used to increase any salary of any teacher, officer or employee of the School Department, except the automatic increases that may be due teachers in the

"2. Not more than Six Hundred Dollars of it shall be paid for clerical assistance in the office of the Superintendent of Schools.

"3. No part of it shall be paid for school physicians, dentists or nurses.

"4. Not more than $7,500 shall be paid for janitors.

"5. No part of it shall be expended for hiring theatres or halls for graduation exercises."

The question is whether a financial town meeting after appropriating a certain amount for school purposes can, by resolution, dictate to the school committee how the money shall be expended for school purposes by directing that no more than a certain amount of the money appropriated shall be expended for a given purpose.

The legislature has, by commanding the various towns to establish and maintain public schools, placed upon the cities and towns a duty to maintain public schools. Section 1 of Chapter 66, G. L. 1909, as amended by Chap. 1097, Public Laws, 1914, provides that "Every town shall establish and maintain a sufficient number of public schools for at least thirty-six weeks each year, at convenient places, under the management of the school committee. . . ."

(1)    Section 9 of Chapter 67, G. L. 1909, provides that "The selection of teachers . . . and the entire care, control, and management of all the public school interests of the several towns, shall be vested in the school committee of the several towns, and they shall also draw all orders for the payment of their expenses." In our opinion said Section 9

(2) confers upon the school committee the authority to employ janitors and fix their salaries. The legislature, deeming it wise to place the entire responsibility for the efficient management of the schools on the school committee, declared that "the entire care, control, and management of all the

public school interests . . . shall be vested in the school committee" . . .

In *Hardy* v. *Lee*, 36 R. I. 302, it appears that a city council adopted a resolution fixing the salaries of school teachers at $600 for the year and that thereafter the school committee fixed the salaries of teachers at a higher amount. It was held that the school committee and not the city council had authority to fix the salary of teachers. To the same effect see *Leonard* v. *School Committee*, 241 Mass. 325, and cases cited. The financial town meeting by said resolution attempted to regulate the salaries of school janitors and the salary of the assistant clerk of the school committee. The only difference in principal between *Hardy* v. *Lee, supra,* and the case before us is that in the former case a city council attempted to regulate the salaries of school teachers and in the latter a financial town meeting attempted to regulate the salaries of school janitors and the salary of the assistant clerk of the school committee. There appears to be no reason for holding that city councils or financial town meetings have any more control over the salaries of janitors and the salaries of clerks of a school committee than such bodies have over the salaries of school teachers. In *Cornell* v. *Barber*, 31 R. I. 358, it was held that the legislature had vested in the town council the authority to pass upon, allow and order paid bills for goods delivered for the use of the town asylum and that the financial town meeting had no authority to appoint an auditing committee with power to determine whether payment of such bills would be made.

The objection of the respondent on the ground that the orders were not approved by the town auditor we think is untenable. Section 11 of Chapter 66, G. L. 1909, provides that "The town treasurer shall receive the money due the town from the state for public schools, and shall keep a separate account of all money appropriated by the state or town or otherwise for public schools in the town, and shall pay the same to the order of the school committee" . . . .

*Horton* v. *City of Newport*, 27 R. I. 283, was heard on petition for writ of *mandamus*. It appears that the legisla-

ture passed an act to establish a board of police commissioners for the city of Newport. Said act fixed the salaries. of the members of said board, "payable monthly by said city." After said board was organized the city council of said city adopted a resolution directing the treasurer of the city not to pay the salaries of the members of said board. The writ was issued commanding the city treasurer to pay the salaries as prayed. The writ was also issued in *Hardy v. Lee, supra,* and in *Cornell v. Barber, supra.* See also *Portland Stone Ware Co. v. Taylor,* 17 R. I. 33.

(4)    The respondent has a fund which was appropriated for school purposes and which is both available and sufficient to pay the orders in question. As no question of fraud or mistake is presented said orders are obligations against the town and there appears no reason why the writ of *mandamus* should not issue.

The above reasoning is equally applicable to the second case, that of Edward G. McGuire, who is the assistant clerk of said school committee. His salary was fixed by said committee at $100.00 per month. Said resolution provides that not more than $600.00 shall be paid from said appropriation for school purposes "for clerical assistance in the office of the Superintendent of Schools." Six hundred dollars has already been paid on orders of said committee by the treasurer of said town for clerical assistance in said office.

The school committee, and not the tax payers assembled in financial town meeting, are authorized to employ said clerical assistance and fix the compensation.

It appears that said committee drew four orders on the respondent for $100.00 each to pay the salary of said McGuire as assistant clerk of said committee. The respondent believing that he had not funds available for the purpose refused to pay any of said orders. As we have already pointed out the respondent has funds available to pay each of said orders.

In each case the writ may issue as prayed.

*John F. Murphy,* for petitioner.

*Alberic A. Archambault,* for respondent.