211 A.2d 639.

JOSEPH J. CHAVES *et al. vs.* SCHOOL COMMITTEE OF THE TOWN OF MIDDLETOWN.

JULY 6, 1965.

PRESENT: Condon, C. J., Roberts, Paolino and Powers.

PAOLINO, J. This is an appeal under G. L. 1956, §16-39-2, to the commissioner of education from the decision of the school committee of the town of Middletown denying a petition of the appellants and others. The cause was presented to this court by the commissioner pursuant to G. L. 1956, §16-39-4, on an agreed statement of facts.

The appellants are residents of Middletown and parents of children attending Jesus Savior School, a private nonprofit parochial elementary school, located in the city of Newport about one eighth of a mile south of the Middletown-Newport boundary line where it crosses the One Mile Corner, so called. The school is an elementary school with

grades one through eight and is operated by the church of Jesus Savior. The parishioners live in Middletown and Newport and preference in admission of students is granted to children of parishioners.

Together with other residents of Middletown similarly situated appellants filed a petition with the local school committee requesting it to "afford to all children resident in said Town of Middletown attending said Jesus Savior School transportation within the municipal limits of Middletown while traveling to and from school as required under the provisions of Section 16-21-2, General Laws of Rhode Island, 1956." The petition states that the signers thereof agree to provide at their own cost transportation within the municipal limits of Newport, i.e., from the Middletown-Newport boundary line to the school.

Middletown provides a public school system covering all elementary and high school grades and the school committee furnishes transportation for children residents attending the public schools in the town. At the time of the filing of the original petition with the school committee, there was no private parochial school in Middletown. Since then, St. Lucy's church has opened a private parochial school in the town for the school year commencing in September 1964. At present, St. Lucy's school is conducting classes for the first three elementary grades. The school committee is furnishing transportation to the children in Middletown attending that school, but, presently, St. Lucy's school is not available to the children of appellants.

After hearing and considering the petition the committee denied the same on the ground that the provisions of §16-21-2 "do not impose an obligation to furnish transportation for Middletown children attending schools outside of Middletown." The appellants, individually and on behalf of the other signatories to the petition, filed an appeal with the commissioner of education in accordance with the provisions of §16-39-2. The commissioner, as

previously stated, thereupon presented the matter to this court pursuant to and in accordance with the provisions of §16-39-4.

The question to be decided in this cause is whether the provisions of §16-21-2 require the school committee of Middletown to afford transportation within the town to children attending a private school located outside the town.

The answer to this question depends upon the meaning of the provisions of §§16-21-1 and 16-21-2. Before discussing those sections it may be helpful to point out that education is a state function, *City of Pawtucket* v. *Pawtucket Teachers' Alliance*, 87 R. I. 364, 371. Under §16-2-2, cities and towns are required, as therein provided, to establish and maintain a sufficient number of schools at convenient locations under the control and management of school committees and under the supervision of the board of education. Section 16-2-2 also provides that "In lieu of convenient location the school committee may provide transportation for pupils to and from school in accordance with the provisions of chapter 21 of this title."

We also note that under §§16-19-1 and 16-19-2 school attendance at public or private schools by children of certain ages is compulsory, as prescribed in those sections.

The transportation of public school pupils is governed by §16-21-1, which reads as follows:

"The school committee of any town shall provide suitable transportation to and from school for pupils attending public schools of elementary and high school grades who reside so far from any public school as to make their regular attendance at school impracticable and for any pupil whose regular attendance would otherwise be impracticable on account of physical disability or infirmity."

Transportation to private schools is authorized by §16-21-2, which reads as follows:

"The school committee of any town shall provide for pupils attending private schools of elementary and high school grades, except such schools as are operated for profit, the same rights and privileges as to transportation to and from schools as are provided for pupils attending public schools."

We agree with appellants' contention that §16-21-2 discloses a legislative intent to make available to private school children transportation to the same extent as is available to public school children under §16-21-1. We also agree with their argument that the purpose of these statutes is to encourage school attendance and to protect the health, safety and welfare of the pupil. But the language of §16-21-1 is clear and unambiguous. It authorizes transportation "to and from school" for pupils attending "public schools." Likewise, §16-21-2 provides that private school pupils be accorded the same rights and privileges as to transportation "to and from schools" as are provided for pupils attending public schools.

By the use of the phrase "to and from school" and the words "public schools" in §16-21-1, as well as the phrase "to and from schools" in §16-21-2, the legislature contemplated schools, public or private, located in the town of Middletown. There is nothing in either section indicating that the legislature contemplated schools located outside the town. Indeed, the appellants concede as much by the position they have taken in this case. They do not claim they are entitled to transportation for their children to and from the school in Newport. They contend only that under §16-21-2 the school committee is required to transport their children within the limits of the town of Middletown to the Middletown-Newport boundary line. But there is no language in §16-21-1 or §16-21-2 providing for such transportation. Under those sections the school committee is obligated to transport pupils to schools not to town boundary lines. In the absence of equivocal or ambiguous language, there is no room for construction. The language of

§§16-21-1 and 16-21-2 must be applied literally. *Irish* v. *Collins*, 82 R. I. 348, 354; *United Transit Co.* v. *Hawksley*, 86 R. I. 53, 61.

*Brawley School District* v. *Kight*, 206 Ark. 87, cited by the appellants, does not help them. Other contentions of the appellants not specifically referred to by us have been considered and found to be without merit.

The cause is remanded to the commissioner of education for further proceedings in accordance with this opinion.

ROBERTS, J., dissenting. I am unable to agree with the conclusion reached by the majority in this case. It is my opinion that in enacting §§16-21-1 and 16-21-2 the legislature intended to require local school committees to provide transportation for school children who reside at such a distance from the school as to make their regular attendance thereat impractical or for children who, by reason of physical disability or infirmity, would find such regular attendance impractical. I find inescapable the conclusion that the legislative intent was to benefit such children by requiring local school authorities to furnish them with transportation in order that their regular attendance at school can be maintained.

The legislation contemplates a right in the child to such transportation rather than a discretion in the local school authority to provide it. This is particularly true where the regularity of a child's attendance at school would be impractical because of the location of the school with respect to his place of residence. Where that situation exists, the child has a right to transportation, and it is the obligation of the school committee to furnish this transportation in such manner as will make regular attendance by the child practicable.

I perceive nothing in §16-21-1 or §16-21-2 which expressly or by necessary implication requires this court to read into those sections a limitation on the right of a child to transportation thereunder because the school that such child is

entitled to attend might be located outside of the geographical area supervised by the school committee charged with providing such transportation. I will not impute to the legislature an intent so to discriminate between children and, apropos of the instant case, children attending a private, nonprofit school located outside the town and children attending such a school located within the town in question. I am unable to join in the majority's literal interpretation of this statute, being convinced that the effect thereof is to frustrate the intent of the legislature to require that transportation be furnished in the specified instances.

*Moore, Virgadamo, Boyle & Lynch, Jeremiah C. Lynch, Jr.,* for appellants.

*Edward J. Corcoran,* Solicitor for the Town of Middletown and for the School Committee.