**LOCAL NO. 799, INTERNATIONAL AS-SOCIATION OF FIREFIGHTERS AFL–CIO, et al.**

v.

**Stephen T. NAPOLITANO, in his capacity as Treasurer of the City of Providence, et al.**

No. 85–300–Appeal.

Supreme Court of Rhode Island.

Nov. 3, 1986.

Harry J. Hoopis, Hawkins & Hoopis, Richard A. Skolnik, Lipsey & Skolnik, Providence, for plaintiffs.

Martin W. Aisenberg, Asst. City Solicitor for City of Providence, for defendant.

## OPINION

MURRAY, Justice.

This is an action for declaratory judgment to determine the validity of § 1210 of the Home Rule Charter of the City of Providence, which requires that all city employees hired on or after January 3, 1983, reside within the city as a prerequisite to their continued employment. The plaintiffs, local No. 799, International Association of Firefighters AFL–CIO, and thirty-one named members of the Providence fire department, bring this action to enjoin enforcement of the residency requirement, claiming that provisions of the Rhode Island General Laws supersede § 1210, rendering it void. The defendants include the Providence city treasurer, the mayor, the chief of the fire department, the public safety commissioner, and all of the city of Providence. The trial court held that § 1210 of the Home Rule Charter as validated by P.L.1981, ch. 37, supersedes G.L. 1956 (1980 Reenactment) § 45–2–15 and G.L.1956 (1981 Reenactment) § 16–12–9. The plaintiffs appeal from this decision.

On November 4, 1980, the citizens of Providence voted to adopt the Providence Home Rule Charter. Section 1210 of the charter provides:

"All officers of the city as defined in section 1207 above, and all employees of the city and of any and all agencies and instrumentalities thereof, including all employees of the school department and the department of public safety, shall be residents of the city during such employment; provided, however, that any person employed by the city on the date upon which this Charter takes effect shall not be subject to the foregoing provision. Persons not residents of the city may be appointed or engaged for employment on the condition that within six (6) months of such appointment or engagement they shall become residents of the city. Residence shall be defined for purposes of this section as being domiciled in the City of Providence according to the definition of domicile set forth in section

206. Any officer or employee of the city who, during employment, ceases to be a resident shall forfeit his or her position in the employ of the city. Upon certification by the mayor that after diligent search no person with proper qualifications can be found to fill a particular position among residents of the city, the city council may exempt a nonresident employee from the provisions of this section."

On May 7, 1981, the General Assembly passed P.L.1981, ch. 37, ratifying the home rule charter and expressly validating certain of its provisions, including § 1210.[1] Thereafter, in 1982 and 1983 the city of Providence advertised the availability of entry-level firefighter positions. The advertisements provided that applicants must:

"in accordance with section 1210 of the Providence Home Rule Charter, be a resident of the City or become a resident of the City within six (6) months of appointment."

Persons hired for these positions were further required to sign affidavits of compliance with § 1210. Several firefighters signed this affidavit under protest, claiming that the home-rule-residency require-ment was void because it conflicted with provisions of the Rhode Island General Laws which provide that police officers, firefighters, and schoolteachers shall not be required to reside in the city or town of their appointment.[2] This action for declaratory relief ensued.

On April 20, 1984, plaintiffs filed a petition for declaratory relief in the Providence County Superior Court pursuant to the Uniform Declaratory Judgment Act, G.L.1956 (1969 Reenactment) chapter 30 of title 9. The Providence Teachers Union, Local No. 958, American Federation of Teachers AFL–CIO, and Marcia Reback, individually and in her capacity as president of the Providence Teachers Union, Local No. 920, intervened as a matter of right pursuant to Rule 24 of the Superior Court Rules of Civil Procedure. Finding that the Legislature enacted P.L.1981, ch. 37, in order to validate § 1210 of the home rule charter, the trial court held that § 1210 supersedes §§ 45–2–15 and 16–12–9 to the extent that it conflicts with these provisions.

On June 7, 1985, just prior to the time the trial court rendered its decision, the General Assembly amended § 45–2–15 to exclude Providence from its application.[3]

1. Public Laws 1981, ch. 37, provides:

"Section 1. In all respects in which the home rule charter of the city of Providence, approved on November 4, 1980, may require ratification, confirmation, validation or enactment by the general assembly, but in no other respects, the provisions of the home rule charter including, but not limited to sections 201, 204, 208, 209, 707, 908, 1210 and 1404 so adopted are hereby ratified, confirmed, validated and enacted. It is the express intention of the general assembly by the passage of this act, to give effect to, ratify, confirm, validate and enact those certain provisions of the home rule charter of the city of Providence approved on November 4, 1980, which require ratification, confirmation, validation or enactment, but nothing in this act shall be construed to abrogate or impair the powers now or hereafter granted to towns and cities by article XXVIII of the amendments to the constitution and other applicable laws of the state of Rhode Island or those rights retained by said city in said charter.

"Sec. 2. If any provision of this act, or the application thereof to the city of Providence or to any person or circumstance is held invalid by reason of being deemed in violation of any provision of the constitution of the state of Rhode Island or otherwise, the remainder of this act, or the application of such provision to said city, or to other persons or circumstances shall not be affected thereby.

"Sec. 3. This act shall take effect upon its passage and all acts and parts of acts inconsistent herewith are hereby repealed."

2. General Laws 1956 (1980 Reenactment) § 45–2–15 provides:

"No city or town shall require that an individual reside within the city or town as a condition for appointment or continued employment in its police or fire department." General Laws 1956 (1981 Reenactment) § 16–12–9 provides:

"No city or town shall require that an individual reside within the city or town as a condition for appointment or continued employment as a school teacher."

3. Public Laws 1985, ch. 127, § 1, provides:

"No city or town shall require that an individual reside within the city or town as a

As a result of this amendment, § 1210 no longer conflicts with § 45–2–15. The issue raised on appeal, however, remains the same: whether § 1210 of the Providence Home Rule Charter as validated by P.L. 1981, ch. 37, may be enforced against police or fire department employees or against schoolteachers hired on or after January 3, 1983.

This court has long recognized the jurisdiction of the Legislature to confer upon Rhode Island's cities and towns the power of self-government in areas of municipal affairs through the enactment of home rule charters. *Marro v. General Treasurer of Cranston,* 108 R.I. 192, 194–95, 273 A.2d 660, 661 (1971). Notwithstanding the adoption of a home rule, "[t]he authority of a municipality to engage in self-government does not extend to enacting local laws that are inconsistent with those provisions of the general laws enacted in conformity with the Legislature's reserved powers." *O'Neill v. City of East Providence,* 480 A.2d 1375, 1379 (R.I.1984). When local laws conflict with general laws of statewide application, the former must defer to the latter. *Id.*

Although the General Assembly retains sovereign power to govern the state's thirty-nine cities and towns in matters of statewide importance, we have recognized its right to grant permission to a municipality to legislate in areas already regulated by the general laws. In the *Opinion to the House of Representatives,* 80 R.I. 288, 296, 96 A.2d 627, 631 (1953), we held that provisions of the Rhode Island General Laws supersede conflicting home-rule-charter provisions regarding municipal nonpartisan elections. We added, however, that "if [the General Assembly] chooses to do so it may by appropriate legislation validate any provision in a home rule charter which is inconsistent with this opinion." *Id.*

We must now determine whether P.L. 1981, ch. 37, validates § 1210 of the home

rule charter as an exception to provisions of the general laws. We hold that it does.

In construing state statutes, the court will read them so as to give the words used therein their plain and ordinary meaning. *City of Warwick v. Aptt,* 497 A.2d 721, 724 (R.I.1985). Where two statutes "relate to the same subject matter, they are deemed 'in *pari materia* and should be considered together so that they will harmonize with each other and be consistent with their general object and scope, even though they contain no reference to one another and were passed at different times.'" *Berthiaume v. School Committee of Woonsocket,* 121 R.I. 243, 249, 397 A.2d 889, 893 (1979) (quoting *Providence Teachers' Union, Local 958 v. School Committee of Providence,* 108 R.I. 444, 449, 276 A.2d 762, 765 (1971)).

Public Laws 1981, chapter 37, specifically provides that § 1210 of the home rule charter is "hereby ratified, confirmed, validated and enacted." The clear and unambiguous language of this enactment indicates that the Legislature intended to validate § 1210 of the home rule charter. Section 3 of P.L.1981, ch. 37, further provides that "all acts and parts of acts inconsistent herewith are hereby repealed." *Id.* Reading P.L. 1981, ch. 37 in harmony with G.L.1956 (1980 Reenactment) § 45–2–15 and G.L. 1956 (1981 Reenactment) § 16–12–9, in light of our previous decisions, we hold that § 1210 of the home rule charter as a special act takes precedence over any inconsistent provisions of the general laws to the extent that they apply to Providence. *Police and Firefighter's Retirement Association of Providence v. Norberg,* 476 A.2d 1034 (R.I.1984).

Hence, P.L.1985, ch. 127, § 1, amending § 45–2–15 has no effect with regard to § 1210. Intervenors argument that the General Assembly's failure to amend § 16–12–9 infers an intent to exclude school-

condition for appointment or continued employment in its police or fire department, *provided, however that the provisions of this*

*section shall not apply to the city of Providence."*

teachers from the § 1210 residency requirement is therefore without merit.

We conclude that the plaintiffs and the intervenors in this action have been subject to the § 1210 residency requirement since it became effective on January 3, 1983.

For the reasons stated above, the plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in the case are remanded to the Superior Court.