William W. MELLOR

v.

William J. CLANCY, et al.

No. 84–346–Appeal.

Supreme Court of Rhode Island.

Feb. 16, 1987.

Seth Bowerman, A. Lauriston Parks, Hanson, Curran & Parks, Providence, for plaintiff.

John Earle, Breslin & Sweeney, Robert W. Lovegreen, Gidley, Lovegreen & Sarli,

Paula A. Kelly, Carroll, Kelly & Murphy, Providence, Stephen H. Burke, Spangler & McKinney, Wakefield, for defendants.

## OPINION

KELLEHER, Justice.

The plaintiff, William W. Mellor (Mellor), appeals from a summary judgment granted by a Superior Court justice to the town of East Greenwich. The trial justice held that the municipality cannot be held liable for any negligent actions allegedly performed by the superintendent of schools and dismissed Mellor's claim as it related to the town. Mellor now appeals.

At the time in question, Town and Country Transportation Company, a common carrier that provides school-bus transportation for a number of municipalities, maintained a terminal in East Greenwich as part of its contract with the school committee to provide transportation for East Greenwich public school students. Mellor, who had been hired by the carrier, served as terminal manager. In his complaint seeking damages for a tortious interference with his contractual rights, Mellor alleged that on September 3, 1980, William J. Clancy, superintendent of East Greenwich's school system, forwarded a written request to Mellor's employer seeking the discharge of the terminal manager. Mellor was terminated two days later on September 5, 1980. In this litigation Mellor has sued the school superintendent individually and in his capacity as executive head of East Greenwich's school department, as well as joining as a defendant the town's treasurer.

The town sought dismissal of Mellor's claim against it on the basis that it was not liable for any actions of its superintendent with respect to the alleged dismissal of Mellor. The trial justice, after a hearing, granted the town's motion for summary judgment.

The single issue before us is easily framed, but none too easily resolved. The question is whether a municipality such as the town of East Greenwich is vicariously liable for the alleged actions of its school superintendent. Although no Rhode Island case has ruled directly on the question, a limited number of cases of substantial precedential value exist. A review of the applicable case law reveals that the issue before us is to be answered in the affirmative, notwithstanding the trial justice's grant of the town's summary judgment motion.

In *Dawson v. Clark*, 93 R.I. 457, 176 A.2d 732 (1962), a Pawtucket taxpayer sought to enjoin the city treasurer from making payment on an insurance contract when the taxpayer was an unsuccessful bidder for a contract with the city school committee. The plaintiff claimed to be the low bidder, and this court was faced with the question of whether the school committee was bound by the Pawtucket charter provision that required the city to purchase goods or services from the lowest bidder. *Id.* at 460–61, 176 A.2d at 734. The court ruled that even assuming that the charter's provision mandated the award to the lowest bidder, the provisions were not binding on the school committee in carrying out duties that were delegated to them by the General Assembly. *Id.* The court recognized the well-settled rule in this jurisdiction that "school committees in carrying out the functions assigned to them by the legislature are exercising a portion of the state's sovereignty," *id.* (citing *Gray v. Wood*, 75 R.I. 123, 64 A.2d 191 (1949) and *City of Pawtucket v. Pawtucket Teachers' Alliance*, 87 R.I. 364, 141 A.2d 624 (1958)), and acknowledged the breadth of discretion that rested within the school committee's powers once an appropriation is made by the appropriate municipal authority. *Id.* (citing *Times Publishing Co. v. White*, 23 R.I. 334, 50 A. 383 (1901) and *Bailey v. Duffy*, 45 R.I. 304, 121 A. 129 (1923)).

Time marched on and some fifteen years later, in *Cummings v. Godin*, 119 R.I. 325, 377 A.2d 1071 (1977), we addressed, in the context of a challenge to the constitutionality of a Woonsocket home-rule-charter provision barring city employees from being candidates for public office, the status of public school teachers as municipal employ-

ees. Godin, a teacher, contended that he was not a city employee but an agent of the state government, citing *City of Pawtucket v. Pawtucket Teachers' Alliance, supra,* for the proposition that "education [is] a state function, and, as such, was carried out by cities and towns, through their school committees, as agencies of the state government." 119 R.I. at 330, 377 A.2d at 1073. Although this court, in *Pawtucket Teachers' Alliance, supra,* concluded that teachers, as agents of state government, may be enjoined from striking, this court, in *Cummings,* declined to conclude that the so-called agency status in and of itself rendered the teachers nonmunicipal employees. Recognizing in *Cummings* that a "body having no statewide authority and performing no statewide function is not a state agency," we concluded that "school committees are agencies of the state, but are not 'state agencies', [acting as they do only upon] matters of local concern." 119 R.I. at 330, 377 A.2d at 1073; *see City of Providence v. Local 799, International Association of Firefighters,* 111 R.I. 586, 589, 305 A.2d 93, 95 (1973). "[A]lthough exercising a portion of the state's power over education, [they] are, nonetheless, municipal bodies, and their employees, including public school teachers, are municipal employees." *Id.* Three years later, in *Coventry School Committee v. Richtarik,* 122 R.I. 707, 714, 411 A.2d 912, 915 (1980), we emphasized that school committees are not state agencies, acting as they do upon matters of only local concern, but are indeed "municipal bodies," their employees being "municipal employees."

The problem with the position taken by the town of East Greenwich in this dispute is that it relies upon pronouncements made in the mid-1950s and early 1960s but fails to take into account the more recent rulings in *Cummings v. Godin, City of Providence v. Local 799,* and *Coventry School Committee v. Richtarik.*

Within recent times, not only has this court recognized the status of public school teachers as municipal employees but in *Ex-*

eter-West Greenwich Regional School District v. Exeter-West Greenwich Teachers' Association,* 489 A.2d 1010, 1019 (R.I. 1985), we ruled that school committees, being authorized by law to enter into certain binding agreements with the teachers' collective-bargaining agents, may bind the community to fund those agreements through the appropriate authority. Thus, we said, "a city or town is bound by and must fund the valid collective-bargaining agreements entered into by its school committee as well as other obligations incurred in the providing of services mandated by law." *Id.* at 1020.

■ Section IV of the Home Rule Charter for the Town of East Greenwich sets forth the town's "administrative departments," their titles, powers, and responsibilities. Among those administrative departments is the department of public schools. Since the home rule charter was validated by the General Assembly, such designation constitutes an act of the Legislature and manifests an intent that the department of public schools, and the school committee, be considered a municipal body, and all of its employees, city employees. *See Cummings,* 119 R.I. at 331, 377 A.2d at 1074. Section 4830(B) of the East Greenwich Home Rule Charter states that "[t]he School Committee shall appoint a Superintendent of Schools as its chief administrative agent." The language of the charter reveals that the superintendent may be properly categorized as an "employee" of the school committee. As such, superintendent Clancy is, under *Cummings,* a municipal employee.

The controversy now before us does not involve, as it did in *Exeter-West Greenwich,* a refusal by a town to fund a contractual obligation incurred by the municipality, but it does concern a refusal by a municipality to accept responsibility for alleged tortious acts committed by a municipal employee while providing services mandated by law. General Laws 1956 (1981 Reenactment) § 16–21–1 requires a school

committee of any municipality to provide suitable transportation for pupils to and from public schools. We have emphasized that "the purpose of these statutes is to encourage school attendance and to protect the health, safety and welfare of the pupil." *Chaves v. School Committee of Middletown,* 100 R.I. 140, 143, 211 A.2d 639, 641 (1965). As we stated in *Exeter-West Greenwich,* we will not ascribe to the Legislature an intent to enact legislation devoid of purpose or nugatory. *Exeter-West Greenwich,* 489 A.2d at 1019. Such would be the effect were we to allow a town not to fund contractual obligations incurred by the town in providing the transportation mandated by law or to avoid liability for torts committed in the exercise of those responsibilities.

Seventeen years ago, in *Becker v. Beaudoin,* 106 R.I. 562, 261 A.2d 896 (1970), we held that the governmental immunity conferred by Rhode Island case law upon municipal and quasi-municipal corporations was abrogated. We recognized then the "incongruities arising out of the doctrine" in concluding that municipalities would no longer be immunized from liability for the tortious conduct of their agents or servants. *Id.* at 569, 261 A.2d at 900. While this case is not one in which an immunity defense has been raised per se, *Becker* and its progeny recognize the fundamental principle that "liability follows negligence, and that individuals and corporations are responsible for the negligence of their agents and employees." *Id.* at 567, 261 A.2d at 899 (citing *Molitor v. Kaneland Community Unit District No. 302,* 18 Ill.2d 11, 163 N.E.2d 89 (1959)). Just as the doctrine of governmental immunity ran counter to that doctrine, so does a position that would permit a town to avoid liability for the tortious acts of its municipal employees while acting pursuant to the authority of the municipal school department. The operation of the public schools is one of the fundamental tasks of local, municipal government. It would be fatuous to conclude that an employee of a school department, operating under a budget funded by a municipality, under a charter listing the school department as a department of that town, and carrying out functions mandated by law, is not an agent of that municipality, and that that same municipality cannot be called to justice when the employee's tortious conduct gives rise to a cause of action.

For the reasons stated above, Mellor's appeal is sustained, the judgment appealed from is vacated, and the case remanded to the Superior Court for further proceedings.