DECISION
The plaintiffs, David Munroe and Donna Munroe (Munroes), appeal from a decision of the East Greenwich Board of Appeal (board of appeal).[1] By its decision, the board of appeal denied the Munroes' appeal from a decision of the East Greenwich Platting and Subdivision Board (platting board) approving the final plan for a private cluster subdivision presented by the defendant, Philip Ryan Homes, Ltd. (the developer). The Munroes principally argue that the platting board illegally exercised decision-making power over the developer's proposed subdivision and thus its approval of the developer's plans was a nullity. Because the Court agrees with the Munroes, and because the board of appeal's decision prejudiced their substantial rights, the Court reverses the board of appeal's decision.[2]
The Approval of the Developer's Plans and the Parties' Positions on Appeal
Sometime in mid-February 1996, the developer applied to the platting board pursuant to the Town of East Greenwich Development and Subdivision Review Regulations[3] (town's subdivision review regulations) for approval of its plans to subdivide an approximately thirty-five acre parcel of land[4] into a 10-lot cluster development[5] in the Town of East Greenwich (the town). After a pre-application and concept review conference, a master plan review, a preliminary plan review, review by the technical review committee (which in the town consists of its Town Planning Board (planning board) and which unanimously recommended approval of both the preliminary and final plans), a public informational meeting, and a public hearing, the platting board approved the developer's final plans, with conditions, approximately two years later on February 17, 1998.
The aggrieved Munroes, who are abutters to the proposed subdivision, duly appealed the decision of the platting board to the board of appeal, arguing (as here) that the platting board's decision was a nullity because it resulted from the platting board's exercise of decision-making power that the Rhode Island Land Development and Subdivision Review Enabling Act of 1992, G.L. 1956 §§ 45-23-25 to -74 (Development Review Act) requires be exercised by the town's planning board. After a public hearing the board of appeal, while expressing concern over the town's subdivision review process, denied the Munroes' appeal. Thereafter, the again-aggrieved Munroes initiated an appeal in the Superior Court by filing a complaint and in reply, though unnecessarily, see Super. R. Civ. P. 80(a), both the town defendants[6] and the developer filed an answer.
On appeal, the town argues that its election to have the platting board be the sole permitting authority for a cluster subdivision is permissible under G.L. 1956 § 45-24-47(B). Moreover, the town argues that its town council has served as the platting board for over thirty years pursuant to the town's home rule charter (charter) and that because its charter became an act of the General Assembly when validated in 1973, the town's designation of its town council as platting board is the General Assembly's "specific mandate" that prevails over the general mandate of the Development Review Act. The developer, although focusing primarily on the substantive merits of the board of appeal's decision, adds that any remand to the planning board would be redundant because that board already considered and recommended its plans for approval to the platting board. Finally, pursuant to Super. R. Civ. P. 24(b)(2), the Court denied Thomas and Joyce Odell's (Odells[7]) request to intervene permissively as plaintiffs on the issue of whether the town's subdivision review process is lawful because of conflicts that would arise were intervention allowed.
 Standard of Review
After considering the record of the hearing before the planning board, this Court can reverse the decision of the board of appeal if substantial rights of the Munroes have been prejudiced because of a decision which is in violation of statutory provisions, made upon unlawful procedure, or otherwise affected by error of law G.L. 1956 § 45-23-71. Alternatively, of course, the Court can affirm the decision of the board of appeal. Id.
 The Subdivision Review Process of Old, the Subdivision Review Process of New, and the Subdivision Review Process of East Greenwich
Three subdivision review processes are of interest in considering the legality of the town's subdivision review process: (1) the subdivision review process provided for by chapters 22 and 23 of title 45 prior to December 31, 1995 (the old subdivision review process); (2) the subdivision review process provided for by chapters 22 and 23 of title 45 after December 31, 1995 (at which time chapter 23 was repealed and replaced by a new chapter 23 (the previously mentioned Development Review Act, or the new subdivision review process)); and (3) the subdivision process provided for by the Town of East Greenwich (the town's subdivision review process). As will be seen, the town's subdivision review process is an unlawful amalgamation of the old and the new subdivision review processes[8] and thus violates the Development Review Act.
Section 45-24-47(A) of the Rhode Island Zoning Enabling Act of 1991 allows a town to provide for land development projects, such as cluster developments, in its zoning ordinance. If a town so elects, however, it "shall require that any land development project be referred to" the town planning board for approval in accordance with the procedures established by the Development Review Act, G.L. 1956 § 45-24-47(B); see also id. ("[n]o land development project shall be initiated until a plan of the project has been submitted to the planning board . . . and approval has been granted by the planning board"). The town's subdivision review process fails in that regard because rather than requiring that land development projects be referred for approval to its planning board, the town requires that land development projects be referred for approval to its town council acting as platting board. The town has thus usurped the decision-making authority that the Development Review Act provided was to be bestowed upon its planning board in favor of its town council acting as platting board.
The town's charter provides that "[t]he Town Council shall act as the Platting and Subdivision Board," Home Rule Charter for the Town of East Greenwich ¶ 3170(S), at 15; see also Charter and Code of Ordinances, Town of East Greenwich, Rhode Island, § 2-26(a), at 149 ("[t]he members of the town council shall constitute the platting and subdivision board") And it is the platting board that is designated as the permitting authority vested with decision-making power and control over subdivisions. Charter and Code of Ordinances, Town of East Greenwich, Rhode Island, § 2-26(b), at 149 ("power and authority is hereby granted to the platting and subdivision board of the town . . . to control the subdivision of such land" within the town); seealso Town of East Greenwich Development and Subdivision Review Regulations, § 7(33), at 2130 (defining permitting authority as the "entity of the Town of East Greenwich charged with the responsibility of application of these regulations relative to proposals for development or subdivision of property[;] [a]lso known as the platting and subdivision board"); id. § 29, at 2170-71 ("[t]he East Greenwich Town Council has authorized by Ordinance . . . the permitting authority [that is, the town council acting as platting board] to . . . govern land development and subdivision projects"); cf. G.L. 1956 §45-23-32(29) (defining permitting authority as "[t]he local agency of government specifically empowered by state enabling lawand local ordinance to hear and decide on specific matters pertaining to local land use") (emphasis added). Pursuant to the Development Review Act, however, such control is required to be conferred upon the planning board. See G.L. 1956 § 45-23-51
(the "town council shall empower . . . the planning board . . to control land development and subdivision projects"); see also
G.L. 1956 § 45-23-63 (providing for "[a] decision by the planning board to approve any land development or subdivision"). Although the General Assembly specifically allowed town councils to act as planning boards under the old subdivision review process, see G.L. 1956 § 45-23-19 (repealed by P.L. 1992, ch. 385, § 1, eff. December 31, 1995) ("[t]he town council . . . may act as the plan commission, and, in that event, no board of review need be appointed"), the Development Review Act contains no such allowance. Therefore, the platting board's approval of the developer's plans was a nullity.
Not only did the town deprive the planning board of control over the subdivision of land, it also effectively reduced the planning board to the status of a technical review committee. Town of East Greenwich Development and Subdivision Review Regulations § 7(54), at 2132 (providing that the technical review committee "shall normally consist of the membership of the planning board"). This too contravenes the Development Review Act, which provides that a planning board may establish — not be established as — a technical review committee, G.L. 1956 §45-23-56; see also G.L. 1956 § 45-23-32(52) (defining technical review committee as a "committee appointed by the planning board for the purpose of reviewing, commenting, and making recommendations to the planning board"). The planning board contemplated by the Development Review Act is a decision making body exercising control over the subdivision of land. The town's planning board, contrarily, is merely an advisory body, Home Rule Charter for the Town of East Greenwich ¶ 5113(D), at 24 (planning board "shall review all applications for platting and subdivision of land within the Town and submit its recommendation to the Town Council"); G.L. 1956 § 45-23-56(C) ("[i]n no case shall the recommendations of the technical review committee be binding on the planning board [that is, for purposes of the town, the town council acting as platting board exercising planning board power] in its activities or decisions"), and not the board contemplated by the Development Review Act.
The town asserts that "nothing in the Development Review Act requires the Town to change" and argues that its charter allows its town council to act as the platting board and that it has so acted for over thirty years. The short answer to that argument is that it really does not matter what the charter allows because the Development Review Act's requirements must be met for the charter's allowance to be lawful. The town amplifies its argument by alleging that "[t]he crucial fact which has been overlooked by [the Munroes] is that [when] the terms of the [town's] Charter were ratified by the General Assembly in 1973[, P.L. 1973, ch. 157, § 2, it became] . . . an act of the Legislature, and our Supreme Court has specifically found this to be the case. Mellorv. Clancy, 520 A.2d 1278, 1280 (R.I. 1987)." Because the General Assembly has thereby "specifically mandated" that the town council act as the platting board, the town argues, the general provisions of the Development Review Act cannot supersede that specific mandate. While cursorily appealing, the town's argument fails upon closer scrutiny; indeed, it would appear that it is the town that has overlooked crucial facts.
First, the act validating the town's charter specifically limits such validation to those "respects in which the home rule charter . . . may require ratification, confirmation, validation or enactment by the general assembly, but in no other respects,"
P.L. 1973, ch. 157, § 2, at 639 (emphasis added); see alsoid. ("[i]t is the express intention of the general assembly by the passage of this act, to give effect to, ratify, confirm, validate and enact those certain provisions of the home rulecharter . . . which require ratification") (emphasis added). Not only does the town fail to argue that the designation of its town council as platting board was something requiring validation, since the law at the time of the General Assembly's validation of certain provisions of the town's charter specifically allowed town councils to act as planning boards, G.L. 1956 § 45-23-19
(repealed by P.L. 1992, ch. 385, § 1, eff. December 31, 1995), it is difficult to see what or why the General Assembly would need to validate in that regard. Cf. McCarthy v. Johnson,574 A.2d 1229, 1231 (R.I. 1990) ("[m]atters where the state maintains sovereignty include the regulation of police officers, the conduct of business, licensing, education, and elections"). The cases cited by the town on this point are distinguishable because they involved a provision in a home rule charter which required validation, Mellor v. Clancy, 520 A.2d 1278, 1280 (R.I. 1987) (involving provisions of the Town of East Greenwich's home rule charter pertaining to public schools; stating that "such designation [of the department of public schools as an administrative department of the town] constitutes an act of the Legislature"); a provision in a home rule charter that the General Assembly had expressly validated, Local No. 799 v.Napolitano, 516 A.2d 1347, 1348 (R.I. 1986), or that was held to have been validated, H.V. Collins Co. v. Tarro, 696 A.2d 298, 304 n.2 (R.I. 1997) (provisions of the Barrington Town Charter pertaining to public schools were found to have been validated); and a home rule charter that had been validated in its entirety,Coventry School Committee v. Richtarik, 411 A.2d 912, 914-15 (R.I. 1980). Here, to the contrary, the town's designation did not require validation and was neither specifically or generally validated. Therefore, the General Assembly's validation of certain other provisions of the town's charter does not imprint the town's designation of its town council as platting board with the specific mandate of the General Assembly.
Furthermore, even if the General Assembly's validation of the town's charter extended to the town's designation of its town council as platting board, and even indulging the town's assertion that its charter would thus be a special act of the General Assembly, the town fares no better because the Development Review Act specifically repealed "all special subdivision enabling acts in effect" on July 21, 1992 as of December 31, 1995, G.L. 1956 § 45-23-28(C); see also G.L. 1956 § 45-23-26 ("[e]very municipality in the state . . . shall adopt land development and subdivision regulations . . . which comply with all the provisions of this act [and] shall establish the standard review procedures for local land development and subdivision review and approval as specified in this chapter[ — ]procedures [that] are intended to provide thorough, orderly, and expeditious processing of development project applications"); G.L. 1956 § 45-23-29(C)(5) ("[i]t is the intent of the general assembly [t]hat all proposed land developments and subdivisions will be reviewed by local officials, following a standard process"); see generally R.I. Const., Art. 13, § 4 ("[t]he general assembly shall have the power to act in relation to the property, affairs and government of any city or town by general laws which shall apply alike to all cities and towns"). Moreover, the Development Review Act provides that "[a]ny land development and subdivision review ordinance . . . enacted after December 31, 1994 shall conform to the provisions of this chapter [and] [a]ll lawfully adopted land development and subdivision review ordinances . . . shall be brought into conformance with this chapter by December 31, 1995," G.L. 1956 § 45-23-28(A). Since the town adopted its subdivision review regulations on March 14, 1996, it was subject to the Development Review Act's requirements for that reason as well.
The Court also notes that the town's charter merely provides that the town council shall act as the platting board; it does not enumerate the powers that board is to exercise. Such enumeration is provided in the town's code of ordinances and subdivision review regulations. Thus, even had the General Assembly validated the entirety of the town's charter (and concomitantly the town's designation of the town council as platting board), such validation would not extend to the platting board's ordinance-supplied control over subdivisions.
Finally, the developer understandably argues that because the town's planning board (in its capacity as the platting board's technical review committee) considered its application and recommended to the platting board that its plans be approved, "any remand to the Planning Board for consideration in this case would be redundant." While not unsympathetic, the Court concludes that the case law does not support the developer's position. SeeDavis v. Rhode Island Board of Regents for Education,121 R.I. 473, 478, 399 A.2d 1247, 1250 (1979) ("the failure of all school committee members to attend each hearing session rendered the resulting decision illegal because the board was improperly constituted"), Hester v. Timothy, 108 R.I. 376, 384,275 A.2d 637, 641 (1971) ("[a] five member board is a jurisdictional requirement and a hearing conducted by four members is a nullity"); Menard v. Zoning Board of Review, 83 R.I. 283, 284,115 A.2d 533, 533-34 (1955) ("the respondent board consisting of only three members was not legally constituted to function validly in accordance with the general enabling act, notwithstanding purported actions that may have been taken in connection with the provisions of the home rule charter"). When the town council acted as platting board in this case, it illegally exercised power the Development Review Act required be exercised by the planning board. The mere recommendation of an impotent planning board cannot be equated with the lawful approval required. There was, therefore, no planning board decision at all. The Court cannot overlook this fundamental procedural deficiency. Cf. G.L. 1956 § 45-23-70(c) ("[i]n the instance where the board of appeal overturns a decision of the planning board . . ., the proposed project application shall be remanded to the planning board . . . at the stage of processing from which the appeal was taken, for further proceedings before the planning board") (emphasis added).
 Conclusion
After reviewing the entire record, the Court finds that the board of appeal's decision violated statutory planning board provisions and prejudiced the Munroes' substantial rights. As such, and although unfortunate for all involved, the Court is constrained to reverse the board of appeal's decision denying the Munroes' appeal from the platting board.[9] In view of this conclusion, the Court need not consider the other points raised by the Munroes.
Counsel shall prepare an appropriate judgment for entry.
[1] See G.L. 1956 § 45-23-71(A).
[2] The Court's reversal is predicated solely upon structural flaws in the town's subdivision review process — the merit of the board of appeal's decision is not otherwise considered or decided.
[3] See generally Zoning Ordinance of the Town of East Greenwich, Art. IX, § 7, at 1963 ("[a]ll applications for cluster developments . . . shall be filed per the submission requirements of[,] [and shall follow the same review process described in,] the subdivision regulations").
[4] The parcel is described as Assessor's plat 15, Lots 48 
121, and is located in an F2 zoning-use district "designed to preserve farmland and open space, and provide for very low density residential development within the town," Zoning Ordinance of the Town of East Greenwich, Art. III, § 1(g), at 1938-39.
[5] A cluster is defined as "[a] site planning technique that concentrates buildings in specific areas on the site to allow the remaining land to be used for recreation, common open space, and/or preservation of environmentally, historically, culturally, or other sensitive features and/or structures," G.L. 1956 §45-24-31(13).
[6] The town defendants include the Town of East Greenwich; Marilyn J. Keisel, Carl I. Hoyer, Robert B. Holbrook, Rosalind R. Beadle, and Vincent D. Bradley, in their capacities as members of both the East Greenwich Town Council and of the Platting and Subdivision Board of the Town of East Greenwich; Gregory DeGroot, Neal McNamara, Judith Bailey, James Paolino, Rick Salzman, Norm James and Joe Scrdakowski, in their capacities as members of the East Greenwich Planning Board; and the East Greenwich Zoning Board of Review, in its capacity as the Board of Appeal.
[7] The Odells are plaintiffs in Odell v. Town of EastGreenwich et al., KC 97-0819, an action seeking, among other things, a declaration that the town's subdivision review regulations violate the Development Review Act.
[8] For comparative purposes, the appendix displays each of the three processes graphically.
[9] The Court trusts that the developer's application, and others similarly situated, will be handled in an appropriately expedited, yet procedurally sound, manner once the town has implemented a subdivision review process which conforms to the Development Review Act.
 Appendix Subdivision Review Subdivision Review Subdivision Review Process of East Process of New Process of Old Greenwich
3. Kent County Superior 3. Kent County Superior 3. Kent County Superior Court Court Court * * *
2. East Greenwich Board of 2. Board of Appeal 2. Board of Review Appeal (Zoning Board of Review) (Zoning Board of Review (East Greenwich * or separate Platting Zoning Board of Review) * Board of Review) * * * * * *
1. Platting and Subdivision 1. Planning Board 1. Planning Board Board (or, if Town Council acted (East Greenwich Town as Planning Board, appeal Council) was directly to Superior Court and a Board of (advisory to Platting Board) (advisory to Planning Review was not required) Board) 
Technical Review Technical Review Committee Committee (East Greenwich Planning (Committee appointed by Board) Planning Board)
A "*" indicates a route of appeal and a "" indicates a flow of advice as opposed to a decision. An applicant starts the subdivision review process at "1" and moves up from there if necessary.
* [Editor's Note: This character is non-transferable.]