DECISION
Before the Court is the Defendants' motion to dismiss the Plaintiffs' complaint for lack of standing. The Plaintiffs are the Providence Teachers Union, Local 958, AFT, AFL-CIO ("Union") and five former and/or present teachers within the City of Providence. The Defendants are the City Council of the City of Providence and its members and the Providence School Board. The Plaintiffs object to the motion.
 Facts/Travel
The Plaintiffs filed the present action because they believe that the Defendants have applied the residency requirement set forth in Section 1210 of the Providence Home Rule Charter "discriminatorily, inequitably and unequally so as to constitute a denial of equal protection of the laws pursuant to the Fourteenth Amendment of the Constitution of the United States, and Article I, Section 2 of the constitution of Rhode Island. . . ." Count I of the Complaint specifically refers to the employment of certain individuals "including but not limited to Mr. Owen Heleen, who are not residents of Providence." The Plaintiffs also claim in Count I that Resolution 326 enacted by the Providence School Board further manipulates, circumvents and/or violates the residency requirement found in Section 1210 of the Home Rule Charter.
The Plaintiffs allege in Count II that the "City Council of the City of Providence and/or the Providence School Board illegally, unconstitutionally and improperly do not apply the residency requirement set forth in Section 1210 to long-term-substitutes, long-term-substitutes-in-pool and/or per diem substitutes." For both Counts, the Plaintiffs ask that this Court enter an Order that "Section 1210 of the Home Rule Charter be applied equally in a non-discriminatory fashion to all teachers employed in the City of Providence, . . . so that said Section 1210 and the residency requirements therein are applied to all teachers equitably, fairly, justly, non-discriminatorily and in a manner consistent with equal protection of the laws."
In support of their motion to dismiss for lack of standing, the Defendants first argue that the individual plaintiffs are teachers "who failed to become residents despite their having executed affidavits stating that they would become residents within six months of hire." In response to Count I, the Defendants claim that the Plaintiffs lack standing because they have suffered no injury because of the hiring of other persons who are not residents. As to Count II, the Defendants claim that the individual Plaintiffs lack standing because they are not substitute teachers, but former regular teachers, and that the Union lacks standing because it is not injured by the practice of not applying the residency requirement to the substitute teachers.
The Plaintiffs, in response to the Defendants' motion regarding standing, argue that "the Providence Teachers' Union, the five individual teachers who are party plaintiffs, and teachers unnamed, past or present, who are similarly situated by stipulation, have standing so that any and all decisions and rulings made in this matter and the judgment hereafter shall be applied to them." The Plaintiffs, in support of their objection, rely on language in the Complaint that states the Union is the "duly certified collective bargaining representative for teachers within the City of Providence," and that it "brings this action for and on behalf of its members." The Plaintiffs also point out that they have standing because the Complaint states that the individual Plaintiffs "were and/or are directly and adversely affected by those matters referred to herein including the application of residency." Lastly, the Plaintiffs argue that the stipulation entered into by the parties "gives status to past and present teachers not a named party to the within suit to have all decisions . . . made applicable to them."[1]
 Standing
In Rhode Island, when deciding an issue of standing, a court must determine "whether the person whose standing is challenged has alleged an injury-in-fact resulting from the challenged [act]." Pontbriand v. Sundlun, 699 A.2d 856, 861 (R.I. 1997) (citing Rhode Island Opthalmological Society v. Cannon, 317 A.2d 124 (R.I. 1974)). "Sometimes referred to as the `injury in fact' requirement, this has been described by Justice Scalia in an oft-quoted passage as `an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical.'" Pontbriand at 863. The injury-in-fact may be economic or otherwise. Id. at 863 (quoting Cannon at 129). "The line is not between a substantial injury and an insubstantial injury. The line is between injury and no injury." Blackstone at 933.
"The essence of the question of standing is whether the party seeking relief has alleged such a personal stake in the controversy as to ensure concrete adverseness that sharpens the presentation of the issues upon which the court depends for an illumination of the questions presented." Blackstone at 933. "This court has, on rare occasions, overlooked the question of standing and proceeded to determine the merits of the case because of substantial public interest in having a matter resolved before the question presented became moot." Id. However, a person must still allege a "personal stake in the controversy-his own injury in fact-before he will have standing to assert the broader claims of the public at large." Id. "Standing involves a threshold inquiry into the parties' status before reaching the merits of their claims." Id.
In the present case, the individual Plaintiffs were discharged pursuant to the residency requirements set forth in the Home Rule Charter of the City of Providence.[2] The Rhode Island Supreme Court has held that the residency requirement in Providence's Home Rule Charter is valid and has noted that the Charter's residency requirements have historically never been applied to substitute teachers. See Local No. 799, Intern. Ass'n of Firefighters AFL-CIO v. Napolitano, 516 A.2d 1347 (R.I. 1986), Providence Teachers Union v. Napolitano, 690 A.2d 855 (R.I. 1997). In order for the Plaintiffs to have standing to bring the present action, they must allege an injury-in-fact resulting from either the Home Rule Charter of Providence or the Defendants' implementation of that Charter. See Pontbriand at 861. The legally protected interest or injury must be "concrete and particularized" and "actual or imminent," and not "conjectural or hypothetical." Id. at 863. The Plaintiffs must also show some "personal stake in the controversy" in that they sharpen the presentation of issues presented to the court. See Blackstone at 933.
The Defendants argue essentially that the Plaintiffs lack standing to bring the present action because they have suffered no injury as a result of Providence's implementation of the Home Rule Charter. This Court disagrees. The simple fact that the Plaintiffs were discharged due to the residency requirements shows that the Plaintiffs have been injured in some form. It is not conjectural or hypothetical, and is particularized in that they no longer have a job. Whether the Plaintiffs can prove that the Defendants improperly and unequally discharged them in violations of the laws of this State remains an issue to be resolved after further discovery of the facts, and a decision on the merits of the case.
The allegations in the Complaint state that the City of Providence improperly and unequally applies the Home Rule Charter in violation of equal protection laws. That is a claim upon which relief may be granted if facts arise that support that finding. It is most certainly true that the Plaintiffs may have been properly discharged under the residency requirements, and that the City acted properly when implementing the requirements under the Home Rule Charter. Furthermore, it may also be true, after more facts have been discovered, that the alleged unequal implementation of the residency requirement has no effect on the Plaintiffs. That issue, however, is not presently before this Court.
As mentioned earlier, our Supreme Court has stated that "[s]tanding involves a threshold inquiry into the parties' status before reaching the merits of their claims." See Blackstone at 933. This Court holds, therefore, without reaching the merits of the plaintiffs' claims, that the Plaintiffs have standing to bring this suit. They have alleged an injury-in-fact that is actual and not hypothetical, and have displayed some personal stake in the controversy. The Defendants' motion to dismiss for lack of standing is denied.
Counsel shall prepare the appropriate judgment for entry.
[1] A Stipulation was entered into by the parties on August 2, 2000, and signed by Judge Silverstein, which provides:
 "Any and all decisions and rulings made in the within and the Judgment that shall hereafter be entered in the within shall be applied to any and all past or present teachers that may be affected in the Providence School Department on the basis that said teachers are similarly situated, and said teachers need not be made a party to the within suit."
[2] The Home Rule Charter states, in pertinent part:
 "All officers of the city as defined in section 1207, and all employees of the city and of any and all agencies and instrumentalities thereof, including all employees of the school department and the department of public safety, shall be residents of the city during such employment; provided, however, that any person employed by the city on the date upon which this provision takes effect shall not be subject to the foregoing provision. Persons not residents of the city may be appointed or engaged for employment on the condition that within six (6) months of such appointment or engagement they shall become residents of the city. . . . Any officer or employee of the city who, during employment, ceases to be a resident shall forfeit his or her position in the employ of the city. . . . Upon certification by the Mayor that after diligent search no person with proper qualifications can be found to fill a particular position among residents of the city, the city council may exempt a nonresident employee from the provisions of this section."