**Linda GAGNON et al.**

v.

**STATE of Rhode Island et al.**

**No. 87–527–A.**

Supreme Court of Rhode Island.

Feb. 23, 1990.

Aram Schefrin, Marc B. Gursky, Joyce A. Faraone, Lovett, Morgera, Schefrin, Gallogly, Ltd., Providence, for plaintiffs.

James E. O'Neil, Atty. Gen., Terence J. Tierney, Rebecca Tedford Partington, Sp. Asst. Attys. Gen., for defendants.

OPINION

WEISBERGER, Justice.

Linda Gagnon brought this civil action against the State of Rhode Island on her own behalf and on behalf of her daughter Christine Gagnon as her next friend and natural guardian. The complaint alleges injuries suffered as a result of Christine's having been sexually molested while in a day-care facility negligently supervised by the State of Rhode Island. This case is before us on appeal from a judgment of the Superior Court granting the state's motion to dismiss the plaintiffs' complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure on the ground that it failed to state a claim upon which relief could be granted. We reverse. Prior to a recitation of the facts pertinent to this appeal, we shall reiterate the standard

employed by this court in reviewing a dismissal under Rule 12(b)(6).

In evaluating whether plaintiffs' complaint is sufficient to withstand the state's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, we look to the standards followed by this court in *Bragg v. Warwick Shoppers World, Inc.*, 102 R.I. 8, 227 A.2d 582 (1967), and its progeny. In applying the *Bragg* standards, this court will assume that the allegations of the state's negligence in supervising Evelyn Reid's day-care facility contained in plaintiffs' complaint are true and are to be viewed in the light most favorable to plaintiffs. *Id.* at 12, 227 A.2d at 584; *see also Thompson v. Thompson*, 495 A.2d 678, 680 (R.I.1985). Moreover, plaintiffs' complaint will only be dismissed where it is clear beyond a reasonable doubt that plaintiffs will not be entitled to relief from the state under any set of facts which could be proven in support of plaintiffs' claim. *Ryan v. State Department of Transportation*, 420 A.2d 841, 843 (R.I.1980); *Bragg*, 102 R.I. at 12, 227 A.2d at 584. The complaint will not be held to be lacking for "vagueness * * * or failure to state facts or [an] ultimate fact." *Bragg*, 102 R.I. at 12, 227 A.2d at 584. In examining the sufficiency of plaintiffs' complaint under the *Bragg* standards, the facts insofar as pertinent to this appeal are as follows.

From 1975 to 1979, minor plaintiff Christine Gagnon attended a state-licensed day-care facility in the city of Pawtucket. The facility was operated by defendant Evelyn Reid in her home. The child was assigned to defendant's day-care home by defendant State of Rhode Island through Child–Welfare Services, a division of the Department of Social and Rehabilitative Services (now the Department for Children and Their Families). Through the Department the State of Rhode Island was subsidizing the costs of Christine's day care as part of the aid provided to the child's mother plaintiff Linda Gagnon.

Evelyn Reid's home had been licensed as a day-care facility by the state since 1969. The Reid home was authorized to have only four or five children in attendance. As a licensed day-care facility, the Reid home was periodically inspected by the Department. These inspections were always pre-announced, however, and their scope was minimal. Each year the Reid license was renewed.

In September 1978 defendant Evelyn Reid was notified by the Department that it had received an oral complaint about her day-care center. The mother of a seven-year-old girl (not plaintiff) alleged that Evelyn Reid's husband John Reid had sexual relations with her daughter while the young girl was at the Reid day-care home. The girl's mother declined to report the allegations to the police and refused to confront the Reids or to have her daughter undergo a physical examination in order to verify the alleged sexual molestation.

An investigation by the Department ensued. The parents of other children attending the Reid day-care center, including Christine Gagnon's mother Linda Gagnon, were sent what the Department described as "discreet requests for references." There were no responses to the Department's written inquiry, however, and the Reids vehemently denied the allegations. The Department closed the investigation of the Reid day-care facility as "[no information] tended to prove or disprove [the allegations made in] the complaint." Thereafter, the Reid license to operate a home day-care facility was again renewed by the state.

In 1980 it came to the attention of plaintiff Linda Gagnon that her minor daughter Christine had been repeatedly subjected to physical and sexual abuse by defendant John Reid. He was charged and eventually pleaded nolo contendere to first-degree sexual assault.

The plaintiffs' complaint alleges that John Reid sexually molested Christine Gagnon on several occasions, and that this activity occurred because of the negligence of both defendant Evelyn Reid in operating the day-care facility and the negligence of defendant state in failing to properly supervise the Reid day-care facility. On October 19, 1986, the state moved to dismiss plain-

tiffs' claim against it pursuant to Rule 12(b)(6). The state argued that under this court's holdings in *Knudsen v. Hall*, 490 A.2d 976 (R.I.1985), and *Ryan v. State Department of Transportation*, 420 A.2d 841 (R.I.1980), no special duty was owed to plaintiffs that could serve as the basis for the state's liability. The plaintiffs objected to this motion and filed affidavits in support of their objection. The trial justice granted the state's motion on October 28, 1986, and judgment of dismissal was entered on December 10, 1986.

In a motion for clarification heard on December 17, 1986, plaintiffs sought a determination by the trial justice whether he granted a motion to dismiss pursuant to Rule 12(b)(6) or summary judgment under Rule 56. Because plaintiffs filed affidavits to supplement their objection to the motion, the precise ground for dismissal was unclear. The trial justice determined that because it was not necessary for him to look beyond the pleadings in order to dismiss plaintiffs' claim against the state, he properly dismissed the claim under Rule 12(b)(6). *See Rhode Island Affiliate, American Civil Liberties Union, Inc. v. Bernasconi*, 557 A.2d 1232 (R.I.1989). The plaintiffs appeal from judgment entered thereon.

Under G.L. 1956 (1985 Reenactment) § 9–31–1, the Legislature has declared that the state will be "liable in all actions of tort in the same manner as a private individual or corporation." In its brief the state incorrectly perceives its potential liability under § 9–31–1 as minimal. Quite to the contrary, however, this court had stated that although there are limits to its liability, the state has made a "blanket waiver" of its sovereign immunity by enacting § 9–31–1. *Laird v. Chrysler Corp.*, 460 A.2d 425, 429 (R.I.1983); *see O'Brien v. State*, 555 A.2d 334, 336 (R.I.1989).

The issue presented here is whether plaintiffs' claim of negligent supervision properly alleges a claim against the state under § 9–31–1 and relevant case law. It is a well-settled principle of tort law that there can be no negligence without a legal duty, the breach of which serves as the basis for liability. It therefore follows that a duty owed by the state to plaintiffs must first be identified in order for the state to be liable to plaintiffs.

This court has often distinguished the nonactionable obligations the state owes to the public-at-large from a special duty owed by the state to an identifiable individual or a member of an identifiable group of individuals. In *O'Brien*, this court outlined in detail the relevant case law concerned with the public-duty exception to § 9–31–1:

"In a series of cases beginning with *Ryan v. State Department of Transportation*, 420 A.2d 841 (R.I.1980), we enunciated the special-duty doctrine in a variety of contexts. In *Ryan* we held that the state through its Department of Transportation in the exercise of its licensing function did not owe a special duty to individuals to issue licenses in such a manner that they would not be injured by drivers who might have a propensity for negligent conduct. In *Saunders v. State*, 446 A.2d 748 (R.I.1982), we held that the beneficiary of a prisoner who was murdered by certain other inmates in the prison did not have a viable action unless prison officials should have had notice that dangerous propensities on the part of the attacker would be likely to give rise to the probability of an attack upon the plaintiff's decedent as a specific identifiable victim or as a member of a group of identifiable victims. In *Orzechowski v. State*, 485 A.2d 545 (R.I.1984), we again enunciated the special-duty doctrine and determined that no special duty existed on the part of the Rhode Island Parole Board toward the victim of a paroled prisoner who was released in circumstances that the plaintiff alleged were indicative of negligence. We stated, '[T]his duty runs to the public as a whole, and not to any particular individual or class of individuals—unless special circumstances are involved that bring the plaintiff specifically into the realm of the parole board's knowledge.' *Id.* at 549." *O'Brien*, 555 A.2d at 336.

The state argues that plaintiffs' claim is barred under *Ryan*, *supra*, for failure to

allege the breach of a duty other than a statutory licensing obligation owed to the general public. We disagree. It is certainly true that in order to maintain a claim against the state, plaintiffs' complaint must be outside the public-duty exception to § 9–31–1. *See Ryan v. State Department of Transportation,* 420 A.2d at 843. Even assuming that the state was negligent in licensing the Reid day-care facility, we concede that such an allegation without more cannot be the source of a special duty owed by the state to plaintiffs.

 The plaintiffs' complaint, however, does not allege negligence in licensing by the state but negligence in supervising the licensed day-care facility attended by plaintiff Christine Gagnon. Such an allegation must be assumed to be true and must be viewed in the light most favorable to plaintiffs. *Bragg,* 102 R.I. at 12, 227 A.2d at 584. This court has noted in *Orzechowski v. State,* 485 A.2d 545 (R.I.1984), and *Saunders v. State,* 446 A.2d 748 (R.I. 1982), that where special circumstances bring to the state's attention that an identifiable individual or a member of an identifiable group is at risk of harm, then a special duty of care is owed by the state. In light of the rule favoring a broad interpretation of pleadings, we are unwilling to hold as a matter of law that plaintiffs' claim of negligent supervision fails to allege the breach of a special duty owed by the state to plaintiff Christine Gagnon as one of the members of the small group of children attending the Reid day-care facility.

We find that the plaintiffs' claim of negligent supervision is significantly broader and more encompassing than a bare claim of negligence in licensing. Although a claim of negligent licensing does not allege anything more than a statutory obligation owed by the state to the public-at-large, we do not believe that the claim of negligent supervision is similarly limited. We do hold that it can be broadly construed to allege a special duty owed by the state to the plaintiffs. Having tested the sufficiency of the plaintiffs' complaint under the *Bragg* standards set forth above, we cannot say beyond a reasonable doubt that there exists no set of facts that could be proven in support of this complaint under which the plaintiffs would be entitled to relief from the state for the claim of negligent supervision of the Reid day-care facility. Hence we are of the opinion, and it is our conclusion that the trial justice erred in dismissing the plaintiffs' complaint under Rule 12(b)(6).

For the reasons stated, the appeal of the plaintiffs is sustained and the judgment dismissing the complaint is hereby vacated. The papers in the case may be remanded to the Superior Court for further proceedings.