[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is the defendants' motion to dismiss pursuant to R.C.P. 12(b)(6).
On March 20, 1991, the plaintiff filed this negligence action against several parties, including Daniel P. Fanning, the Director of the Department of Transportation, and the State of Rhode Island (hereinafter collectively the "State"). In April, 1991, the State filed a motion to dismiss which is presently before this Court. Relying on the "public duty doctrine", the State urges dismissal of the claim against it on the grounds that the plaintiff has failed to state a claim upon which relief can be granted. Relying on recent Supreme Court decisions that have established exceptions to the "public duty doctrine", the plaintiff argues that the motion should be denied.
The following are the pertinent facts. On June 21, 1989, a truck struck and damaged a traffic control device that regulates traffic at the intersection of High and Dexter Streets in Cumberland, Rhode Island. The traffic control device ceased to function. The Rhode Island Department of Transportation allegedly failed to take steps to repair or replace the traffic control device which device was under its control. The Department of Transportation received a report of the malfunctioning traffic signal on June 21, 1989. However, the traffic signal was not completely functional until June 28, 1989. The plaintiff alleges that as result of the State's negligent failure to act, the plaintiff was involved in an automobile accident at the intersection on June 26, 1989.
When a party files a motion to dismiss pursuant to R.C.P. 12(b)(6), the court "must look no further than the complaint."Thompson v. Thompson, 495 A.2d 678, 680 (R.I. 1985). The court will assume that the allegations contained in plaintiff's complaint "are true and are to be viewed in a light most favorable" to plaintiff. Gagnon v. State, 570 A.2d 656, 657 (R.I. 1990). The plaintiff's complaint "will only be dismissed where it is clear beyond a reasonable doubt that plaintiff will not be entitled to relief . . . under any set of facts which could be proven in support" of plaintiff['s] claim." Id. at 657. (citing Ryan v. State Department of Transportation,420 A.2d 841, 843 (R.I. 1980); Bragg v. Warwick Shoppers World,Inc., 102 R.I. 8, 227 A.2d 582 (1967)). See also Salvadorev. Major Elec. Supply, Inc., 469 A.2d 353, 357 (R.I. 1983).
A recent Supreme Court decision, Bierman v. Shookster,590 A.2d 402 (R.I. 1990), created an exception to the "public duty doctrine". In Bierman, the court concluded that a municipality's failure to correct a malfunctioning traffic signal, of which it should have been aware, rose to a level of egregious conduct that warranted the creation of yet another exception on the "public duty doctrine." 590 A.2d at 404-405. The court explained that when an automatic traffic light is placed at an intersection, those drivers and pedestrians that approach the intersection rely on the operation of the automatic light "both for their safety and in order to remain within the law." Id. at 404. The court wrote that "[b]y failing to correct the malfunction, of which it should have been aware, the city jeopardized the safety of those utilizing the intersection in reliance on the traffic lights." Id.
This Court finds that the plaintiff's complaint cannot be dismissed because it is not beyond a reasonable doubt that the plaintiff is not entitled to relief from the State under any set of facts which could be proven in support of her claim. Gagnon,
570 A.2d at 657. Under Rule 12(b)(6), this Court will assume that the allegations of the State's negligence in failing to repair the traffic signal at the intersection of High and Dexter Street in Cumberland, Rhode Island are true and are viewed in a light most favorable to the plaintiff. Id.; Thompson, 495 A.2d at 680; Bragg, 102 R.I. at 12, 227 A.2d at 584. For the reasons set forth above, the defendants' motion to dismiss is denied.
Counsel shall prepare an order to reflect the above disposition.