Wayne G. RESMINI and
Donna A. Resmini

v.

KILDUFF BUILDERS, Town
of Scituate, et al.

No. 94–379–Appeal.

Supreme Court of Rhode Island.

June 2, 1995.

Paul S. Cantor, Timothy O'Hara, John Nugent, Jr.

Nicholas Gorham, Mark Reynolds, John Boland.

ORDER

This case came before a hearing panel of the Supreme Court for oral argument on May 23, 1995, pursuant to an order that directed the plaintiffs, Wayne G. Resmini and Donna A. Resmini, to show cause why their appeal should not be summarily decided. The plaintiffs have appealed from a Superior Court order that granted the motion for summary judgment of the defendant, the Town of Scituate, which judgment was entered pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the case will be decided at this time.

The plaintiffs contracted with Kilduff Builders in 1986 for the construction of a four-bedroom house in Scituate, Rhode Island. After experiencing problems with their Individual Sewer Disposal System (ISDS), plaintiffs commenced suit in 1990 against several defendants, including the Town of Scituate (town). It appears that plaintiffs have alleged that the town's building inspector was negligent in issuing a building permit for a four-bedroom house when the Department of Environmental Management (DEM) had issued a permit for an ISDS for a three-bedroom house. On appeal, plaintiffs argued that because the clerk in the building inspector's office for the town signed the builder's name on the building permit, the town acted as an agent for the builder and thus owed a special duty to plaintiffs. We disagree.

In our recent decision in *Quality Court Condominium Association v. Quality Hill Development Corp.,* 641 A.2d 746, 750 (R.I. 1994), we outlined the various activities of the Pawtucket building inspector regarding the plaintiffs' condominiums. The building inspector in *Quality Court* had specific knowledge of certain irregularities and violations of the condominiums, had attended meetings with the architect, had received written notice of specific building-code violations, and had returned to the condominiums on a number of occasions to view the repair work. Id. at 750–51. Because of the extent of the building inspector's involvement in *Quality Court,* we held that the city was "acutely aware of a threat to the specific plaintiffs" and thus owed the plaintiffs a special duty. Id. at 750–51.

In contrast, there is no evidence in the case at bar that the building inspector had committed a wrong or that he knew or reasonably should have known of a threat to the plaintiffs. *Id.* The fact that a town clerical worker signed the builder's name on a building permit did not give the town notice that plaintiffs' septic system would fail or that plaintiffs would be harmed. Therefore, we hold that the town owes no special duty to the plaintiffs.

The plaintiffs have alleged that the town permitted the builder to begin construction with a septic system application from another lot and that the building inspector changed the septic system application after plaintiffs signed their contract with the builder. These allegations, however, were not brought to the attention of the trial justice, nor were they substantiated by affidavit or other evidence. Therefore, plaintiffs failed to set forth sufficient facts to defeat defendant's motion for summary judgment.

Accordingly, we deny and dismiss the appeal and affirm the judgment entered in the

Superior Court, to which the papers in the case may be remanded.

MURRAY and BOURCIER, JJ., did not participate.