John CHAKUROFF

v.

John BOYLE et al.

No. 94–731–Appeal.

Supreme Court of Rhode Island.

Dec. 22, 1995.

Vincent T. Cannon, Providence, for Plaintiff.

C. Russell Bengtson, Providence, for Defendants.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on December 5, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised by their appeals should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that these matters should be summarily decided.

The defendants, John Boyle, in his capacity as superintendent of the Smithfield School Department, Lillianne Rainville, in her capacity as treasurer of the town of Smithfield and the town of Smithfield (defendants), appeal from a Superior Court judgment in favor of plaintiff, John Chakuroff (plaintiff). The plaintiff cross-appeals from the trial justice's decision to impose a $100,000 cap on his damages under the State Tort Claims Act, G.L.1956 (1985 Reenactment) § 9–31–2.

This action arises out of a premises-liability claim brought by plaintiff against defendants for their failure to maintain properly the woodworking classroom at the Gallagher Junior High School where he was employed. In the Superior Court, plaintiff claimed that defendants had failed to take any action to control excessive wood-dust levels in the workshop despite both actual and constructive notice of the problem. As a result, plaintiff contracted occupational asthma, which disabled him to the point where he could no longer work and continues to cause him a variety of permanent health problems.

At the close of plaintiff's case and again at the close of all the evidence, defendant moved for a directed verdict premised upon the public-duty doctrine. The trial justice denied both motions on the basis that in the circumstances of the case, specifically because of plaintiff's numerous complaints to defendants about the wood dust in the workshop, defendants owed plaintiff a special duty.

The jury returned a verdict for plaintiff for $275,000, finding defendants 75 percent negligent and plaintiff 25 percent negligent. The defendants moved to amend the judgment and limit it to $100,000 pursuant to § 9–31–2. The trial justice granted the motion, and judgment was entered on September 30, 1994.

On appeal defendants argue that the trial justice erred in ruling that it owed

plaintiff a special duty and assert that it was protected by the public-duty doctrine. We disagree. "According to the public-duty doctrine, Rhode Island government entities enjoy immunity from tort liability arising out of their discretionary governmental actions that by their nature are not ordinarily performed by private persons." *Quality Court Condominium Association v. Quality Hill Development Corp.*, 641 A.2d 746, 750 (R.I.1994). This court has, however, established limitations on the immunity of the government. We have determined that liability will not attach absent proof that a special duty is owed to the plaintiff as an individual rather than as a member of the general public. *Id.* We have acknowledged the existence of a special duty in cases in which the plaintiffs have had some form of prior contact with government officials who then embark on a course of conduct which endangers the plaintiffs, or they have come within the knowledge of the officials so that the injury can be or should have been foreseen. *Id.*

 In addition, plaintiff had requested a ventilation system, and the school principal was aware of the dust problems in the shop. In these circumstances we find that the trial justice properly denied defendants' motions for a directed verdict since plaintiff was a specifically identifiable individual who had come within the knowledge of school officials.

The plaintiff avers that the trial justice incorrectly limited his recovery to $100,000 under § 9–31–2, which provides in part as follows:

"Limitations of damages—State.—In any tort action against the state of Rhode Island, or any political subdivision thereof, any damages recovered therein shall not exceed the sum of one hundred thousand dollars ($100,000); Provided, however, That in all instances in which the state was engaged in a proprietary function in the commission of such tort * * * the limitation on damages set forth in this section shall not apply."

 It is our opinion that the operation and the maintenance of a public school is a governmental function and not a proprietary one. *See Saunders v. State*, 446 A.2d 748, 751 (R.I.1982) (maintenance of a correctional institution is a governmental function, not a proprietary function). We are therefore of the opinion that the trial justice properly limited the plaintiff's damages to $100,000.

For these reasons the defendants' appeal and the plaintiff's cross-appeal are denied and dismissed. The Superior Court judgment is affirmed and the papers of the case are remanded to the Superior Court.