**Dwight L. KUHL, Individually and as Parent and Next Friend of Duane Kuhl and Marc W. Kuhl and Duane Kuhl**

v.

**Pasquale J. PERRI, Jr., Finance Director of the Town of Westerly.**

No. 97–101–A.

Supreme Court of Rhode Island.

Jan. 21, 1998.

Thomas C. Plunkett, Providence.

David Edward Maglio, III, J. Scott Kilpatrick, Gregory A. Carrara, Providence.

### ORDER

The plaintiffs appeal from a final judgment entered after the Superior Court granted a motion for summary judgment filed by the defendant, Pasquale J. Perri, Jr., Finance Director of the Town of Westerly (the town). After a conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. Upon review of the parties' memoranda and the record, we proceed to decide this appeal without further briefing or argument.

On March 23, 1992, Duane Kuhl (Duane), a 16–year–old student at Westerly High School, was severely injured after school when he jumped over a stone wall in front of the school and landed on a snowbank. Duane dove over the wall to avoid getting hit with snowballs that were being thrown his way by some students. Thereafter, Duane's father filed a complaint against the town, seeking damages for personal injuries to Duane and on behalf of himself for medical expenses and loss of society, and on behalf of his other son, Marc W. Kuhl, for loss of society. In that complaint, the plaintiffs alleged negligent security, premises liability for failure to make the school premises safe and/or to warn of a dangerous condition on the premises, and nuisance.

In due course the town filed a motion for summary judgment in the Superior Court. The town argued that the public duty doctrine shielded it from liability because the duties that plaintiffs claimed had been breached were owed to the public at large, not specifically to individual students like Duane. The town also argued that even if it had a duty to provide security for the students, there was no evidence that the security and supervision at the school was substandard or negligent. The town also asserted that the plaintiffs' allegation that the mere existence of a snowbank on school grounds constituted a dangerous condition was unsupported by any evidence. Lastly, the town argued that even if it owed Duane a duty vis-á-vis the snowbank, the plaintiffs' damages should be limited to § 100,000 pursuant to G.L. § 9–31–3. Persuaded by these contentions, the hearing justice granted the town's motion for summary judgment.

The plaintiffs now argue that the public duty doctrine is inapplicable because the town owed a special duty of care to Duane based on the school-student relationship and the compulsory attendance laws. They also suggest that the public duty doctrine is not applicable in the instant case because a school is engaged in a proprietary function, not a governmental function. The plaintiffs argue that based on the "private counterpart exception," their action should not have been barred by the public duty doctrine.

We conclude that the hearing justice was correct. The plaintiffs presented no evidence that the school or town owed a special duty to Duane. A special duty has been defined as a duty "owing to a specific identifiable individual." *Orzechowski v. State*, 485 A.2d 545, 548 (R.I.1984). We have found a special duty to exist when a plaintiff has had some prior contact with government officials who then knowingly embark on a course of conduct which could endanger the plaintiff or when a plaintiff has come within the knowledge of officials so that the injury can be or should have been foreseen. *Id; see also*

*Chakuroff v. Boyle,* 667 A.2d 1256 (R.I.1995) (failure of municipal authorities to control excessive wood-dust levels in woodworking classroom despite having received actual notice of the situation). In this case, there was no evidence that the school had notice of any deficiencies in security or supervision of its students. Moreover. the plaintiffs presented no evidence to suggest that the snowbank presented a nuisance or that the school or town official(s) had been placed on notice concerning any alleged dangers pertaining to the snowbank. Indeed, there was no evidence as to the length of time the snowbank had been on the school grounds, nor was there evidence as to its physical condition.

Furthermore, in *Chakuroff v. Boyle,* we held that "the operation and the maintenance of a public school is a governmental function and not a proprietary one." 667 A.2d at 1258. Therefore, the hearing justice properly rejected the plaintiffs' reliance on the "private counterpart exception." Given that the trial justice's ruling was correct, it is not necessary to address the applicability of § 9–31–3.

Accordingly, for all the foregoing reasons, the appeal is denied and dismissed. The final judgment appealed from is affirmed and the papers in this case are remanded to the Superior Court.

BOURCIER, J., did not participate.