DECISION
Before this court is defendant Robert Ricci's motion for summary judgment. John Doe (plaintiff) filed the instant action alleging negligent supervision against several administrators employed in the Providence school system, including defendant Ricci who served as superintendent of Providence schools at the time of the alleged negligence. On summary judgment, defendant Ricci asserts that he cannot be held liable for the acts of a subordinate teacher. Jurisdiction is pursuant to G.L. 1956 §8-2-14.
 Facts/Travel
Thomas Messa (Messa) began serving as a substitute teacher in the Providence School System in 1972. In 1973, Messa started his career as a full-time teacher at George J. West Middle School. In 1979 or 1980, the principal at George J. West Middle School, defendant Lud DelGizzo, received a complaint from a parent in regards to Messa. The complaint alleged that Messa, while giving a ride to two elementary school students, repeatedly touched a student's leg as he shifted his vehicle. After a meeting among the parent, DelGizzo, and Messa, the matter was resolved and the parent did not press the issue further. The incident was not documented in Messa's personnel file, although the assistant principal at George J. West Middle School, defendant Robert Gizzarelli, was informed of the incident. Messa transferred to E.W. Flynn Elementary school for the 1980-1981 school year. That school year, defendant Anthony Tutalo, principal at E.W. Flynn Elementary School, received a complaint in regards to Messa. Dr. Shawn Cooper told defendant Tutalo that Messa had placed his hands on his daughter's buttocks. Defendant Tutalo contacted his supervisor, defendant Thomas J. McDonald, about the complaint. Defendant McDonald suggested that Messa, defendant Tutalo, and the student's parents hold a meeting on the incident. Dr. Cooper decided not to pursue the matter further, and defendant Tutalo warned Messa not to put his hands on the children. No written record of the incident was placed in Messa's file. Defendant Ricci became superintendent of Providence schools in May 1981. Defendant Ricci was not informed of the incident with Dr. Cooper's daughter.
After defendant Ricci became superintendent, more complaints were lodged against Messa. In 1982, Messa served as a special education teacher at Nathaniel Greene Middle School. In the fall of 1982 a student complained that Messa touched his "rear end". The principal at Nathaniel Greene Middle School, defendant Neil Corkery, met with a parent of the child and met with Messa. Defendant Corkery warned Messa that he should not touch the students. Defendant John McKenna, Special Education Administrator, also met with Messa. No further action was taken in regards to the incident. Subsequently, Messa returned to George J. West Middle School. In October 1984, Carol Johnson told the principal of the school, defendant Louis Filipelli, that her son had told her that Messa had touched her son's "private parts." Defendant Filipelli contacted his supervisor, defendant Mary O'Brien. Defendant Filipelli held a joint meeting with Messa, Carol Johnson, and her son. Carol Johnson decide not to file a complaint with the police. Defendant Filipelli sent a letter to Messa warning him not to place his hands on the students. No further action was taken in regards to this incident. In all of the above incidents, Messa did not deny touching the students but explained that each incident was a "misunderstanding." During his service as superintendent, defendant Ricci was not informed of the above incidents. Defendant Ricci was not informed of these incidents despite Ricci's understanding that such incidents should be reported unless the principal was certain that the conduct did not occur. Defendant Ricci asserted that this was the unwritten policy in the Providence School System in regards to allegations of sexual abuse. However, principals and supervisors under defendant Ricci in the chain of command did not have the same understanding of the reporting policy as Ricci. Some were unsure of the policy, and others thought that the principal or supervisor should determine the credibility of the allegations.
In February 1985, several parents filed charges with the Providence Police accusing Messa of sexual molestation. Upon learning of these charges, defendant Ricci reassigned Messa to the Resource Budget room. The Providence School Board terminated Messa's contract in March 1985.
The plaintiff filed the instant complaint listing several allegations sounding in negligent supervision. Defendant Ricci has filed a motion for summary judgment asserting that he, as superintendent, cannot be held vicariously liable for the acts of a subordinate teacher. The plaintiff objects to defendant Ricci's motion for summary judgment, arguing that material questions of fact exist as to whether defendant Ricci exercised due care in supervising the principals and teachers under his authority.
Standard of Review
Summary judgment is a drastic remedy that should be cautiously applied. McPhillips v. Zayre Corp., 582 A.2d 747, 749 (R.I. 1990). When a trial justice is ruling on a motion for summary judgment, the only question before him or her is whether there is a genuine issue of any material fact that must be resolved. Golderese v. Suburban Land Co., 590 A.2d 395, 396 (R.I. 1991). "Summary judgment should be granted only if an examination of all the pleadings, affidavits, admissions, answers to interrogatories, and other materials viewed in the light most favorable to the party opposing the motion reveals no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Sullivan v. Town of Coventry, EtAl, No. 96-483-A, slip op. at 4 (R.I., filed February 2, 1998) (citing Nichola v. John Hancock Mutual Life Insurance Co.,471 A.2d 945, 947-948 (R.I. 1984)).
Immunity
Defendant Ricci argues that he is immune from any liability as superintendent for the acts committed by Messa. Defendant Ricci argues that under Gray v. Wood, 75 R.I. 123, 64 A.2d 191
(1949), public officials are not liable for the acts of their subordinates unless they directed or encouraged such action. The plaintiff counters that he is not making a claim for vicarious liability under the doctrine of respondeat superior explored inGray, supra. The plaintiff states that the instant action concerns defendant Ricci's direct liability under negligent supervision in failing to communicate clearly to subordinate administrators the policy of reporting incidents of misconduct up the chain of command to the superintendent.
"[T]he liability of an employer in the negligent supervision . . . of an unfit employee is an entirely separate and distinct basis from the liability of an employer under the doctrine of respondeat superior." Mainella v. Staff BuildersIndus. Serv., 608 A.2d 1141, 1145 (R.I. 1992). In an action for negligent supervision, the plaintiff must prove that the defendant failed to exercise such care in supervision as would protect against dangers reasonably foreseeable. Ephremian v.Sholes, 72 R.I. 395, 52 A.2d 425, 427-428 (1947). Civil actions, including those for negligent supervision, against education personnel are circumscribed by § 9-1-31. Under § 9-1-31, school committees and the Board of Regents must protect and save harmless public school teachers, supervisors, and administrators from liability for any acts which "are not wanton, reckless, malicious or grossly negligent . . . [and are performed] in the discharge of his or her duties or within the scope of his or her employment. . . ." An educator is entitled to indemnification from the Board of Regents or school committee for any personal civil suits against the educator connected to the performance of his duties. Monti v. Warwick School Committee, 554 A.2d 638, 639 (R.I. 1989).
Defendant Ricci is not immune to the plaintiff's action for negligent supervision. The plaintiff has submitted evidence which raises a genuine issue of material fact as to whether defendant Ricci used due care in disseminating the school system policy of reporting alleged incidents of sexual misconduct to the superintendent. The varied depositional testimony from the principals and supervisors under defendant Ricci raises a question as to whether the principals and supervisors had been clearly informed that the alleged instances of misconduct by Messa required a report. The negligent supervision action is a direct action against defendant Ricci and does not involve the vicarious liability situation found in Gray. The instant issue concerns defendant Ricci's supervision of subordinate employees under him and his overall supervision of the care and well-being of the school system's students. Under § 9-1-31, the instant action can proceed against defendant Ricci, but defendant Ricci is entitled to indemnification for any attorney's fees and damages found against him as defendant Ricci's supervision was pursuant to his duties as superintendent.
 Superintendent's Duty
Defendant Ricci argues that he cannot be held liable for alleged incidents of misconduct by Messa for which he had no knowledge until some time after Messa was arrested. Defendant Ricci also points out that the school board had the authority in hiring or terminating teachers, so the plaintiff should properly bring this action against the school board rather than Ricci. The plaintiff argues that defendant Ricci clearly had a duty to take reasonable care to ensure that no harm would happen to the students. The plaintiff argues that the possibility of sexual abuse in the schools by teachers was foreseeable and defendant Ricci failed to adequately communicate reporting procedures which could have forewarned the superintendent about Messa's conduct and prevented Messa from abusing the plaintiff. The plaintiff also argues that the public duty doctrine is not applicable to the instant case because school children form a special class for which defendant Ricci owed a special duty.
The Rhode Island Supreme Court "noted, in . . . Saunders v.State, 446 A.2d 748 (R.I. 1982), that where special circumstances bring to the state's attention that an identifiable individual or a member of an identifiable group is at risk of harm, then a special duty of care is owed by the state." Gagnon v. State,570 A.2d 656, 659 (R.I. 1990). In Saunders, the identifiable group was prison inmates. There, the court stated, "We agree with the Supreme Court of New Jersey that this duty to provide reasonable care to protect an inmate from violence would not be violated in the absence of a determination that the danger was known or in the exercise of ordinary care, should have been known by the prison official." Saunders, 446 A.2d at 751. Similarly, school children form an identifiable group subject to foreseeable harm.Burns v. Board of Educ., 638 A.2d 1, 4 (Conn. 1994). A superintendent has a duty "to prevent the risk of imminent harm to school children. . . ." Id. at 5. A "duty falls upon those school employees who have supervisory responsibility over students and who thus have stepped into the role of parental proxy." Marquay v. Eno, 662 A.2d 272, 279 (N.H. 1995). The New Hampshire Supreme Court further explained this special duty:
 "We note that the principal or superintendent rarely has primary supervisory authority over a student. Because, however, it is the school to which parents turn over custody of their children and from which they expect safety and because the superintendent and principal are charged with overseeing all aspects of the school's operation, we hold that a duty of supervision is owed to each student. Where the principal or superintendent knows or should know that a particular school employee poses a threat to a student, entrustment of the student to the care of that employee will not satisfy the duty of reasonable supervision." Id. at 280.
In Gagnon, supra, the court found that the plaintiffs' claim of negligent supervision against a day-care facility could "be broadly construed to allege a special duty owed by the state to the plaintiffs." Gagnon, 520 A.2d at 659. School children are owed a similar degree of care as children at a daycare facility. Based on the foregoing case law, this court finds that defendant Ricci owed the plaintiff a duty of care of reasonable supervision.
This court also finds that the public duty doctrine is not applicable to the instant case. "According to the public-duty doctrine, Rhode Island government entities enjoy immunity from tort liability arising out of their discretionary governmental actions that by their nature are not ordinarily performed by private persons." Chakuroff v. Boyle, 667 A.2d 1256, 1259 (R.I. 1995) (quoting Quality Court Condominium Association v. QualityHill Development Corp., 641 A.2d 746, 750 (R.I. 1994)). "However, notwithstanding that general tort immunity, liability will attach if it can be determined in a particular setting that the state or its subdivision owed a special duty to a plaintiff." Boland v.Town of Tiverton, 670 A.2d 1245, 1248 (R.I. 1996). A governmental entity can owe a special duty to an identifiable group, such as day-care children. See Gagnon, 570 A.2d at 659. The plaintiff, as an elementary school student, was a member of an identifiable group subject to foreseeable risk of harm. The special relationship between an educator, as parental proxy, and the school children under his supervision places the instant matter outside the parameters of the public duty doctrine. See Burns, 638 A.2d at 3-5; Todd M. v. Richard L., 696 A.2d 1063, 1072 (Conn. Super. 1995).
Even if a special duty is not owed to school children as an identifiable group, the evidence before the court raises a genuine issue of material fact as to whether a special duty was created in the instant case. The issue in dispute is whether by the exercise of ordinary care, defendant Ricci should have known about Messa's prior conduct leading up to the criminal complaints against Messa for sexual misconduct. If defendant Ricci failed to exercise due care in keeping the communication lines open and should have known about Messa's prior actions, a special duty towards the plaintiff can be imputed. See Saunders, 446 A.2d at 751.
The plaintiff has pointed to defendant Ricci's depositional testimony in which Ricci said that the school department's reporting policy required administrators to report incidents of alleged sexual misconduct up the chain of command unless they were certain the incidents did not occur. For all of the alleged incidents, Messa never disputed making physical contact with the students, but offered explanations as to what actually occurred. Because the evidence indicated that the incidents actually happened, they should have been reported to superintendent Ricci according to school department policy.
However, the subordinate administrators, through their depositional testimony, expressed divergent views on what the reporting policy required. One questioned whether there was even a reporting policy in place. The administrators' responses raise a question as to whether defendant Ricci (as superintendent) was negligent in failing to clearly communicate the reporting policy for incidents of suspected sexual misconduct committed by teachers against students. If defendant Ricci was negligent in disseminating the school department's reporting policy, then one can conclude that defendant Ricci should have known about Messa's prior alleged misconduct and Ricci's own lack of ordinary care prevented Ricci from learning about Messa's prior alleged acts of sexual misconduct. A special duty exists if defendant Ricci in the exercise of ordinary care should have known that Messa posed a risk of harm to the plaintiff. Id. Summary judgment is not appropriate where further factual development is required in order to determine whether the special duty exception to the public duty doctrine exists. Boland, 670 A.2d at 1249. In the instant case, further factual development is required to determine whether defendant Ricci should have been aware of Messa's alleged misconduct, and hence, owed a special duty to the plaintiff.
 Conclusion
This court finds that defendant Ricci is not immune to the plaintiff's action for negligent supervision. Defendant Ricci owed a duty of reasonable supervision to the plaintiff. This duty encompassed maintaining close supervision over subordinate teachers to ensure that none of the teachers posed a risk of harm to the students. This court further finds that the public duty doctrine is inapplicable to the instant case, as defendant Ricci owed a special duty to students under his care. Even if this special duty is not established for school students as an identifiable group, the evidence before this court indicates a genuine issue of material fact as to whether defendant Ricci should have been aware of the allegations against Messa and therefore, owes a special duty to the plaintiff.
Based on the foregoing case law and genuine issues of material fact, this court denies defendant Ricci's motion for summary judgment.
Counsel shall prepare the appropriate order for entry.