This case comes before the Court on the motion of the State of Rhode Island Attorney General (Defendant) for summary judgment pursuant to R.Civ. P. 56. The Plaintiff has filed an objection to Defendant's motion, and Defendant has further replied to Plaintiff's objection. In addition, the Defendant has supplemented the original motion for summary judgment. This Court has also heard oral argument on the subject motion.
 Facts/Travel 
For purposes of the instant motion, the facts can be stated as follows. Plaintiff claims that on February 10, 1999, as she was exiting the Newport County Courthouse, she slipped and fell on the stairs located just beyond the front door, thereby sustaining various injuries. Plaintiff's theory of recovery essentially asserts that the State of Rhode Island was negligent in failing to maintain the subject stairway in a safe condition. Specifically, Plaintiff alleges that a dangerous condition, namely sand and dirt, existed on the stairway on February 10, 1999, and that the Defendant had notice of said condition. Were the instant case to proceed to trial, the aforementioned allegation may or may not prove true. Indeed, there seems to be an underlying factual dispute in this case as to whether or not a dangerous condition existed, and if so, whether or not the Defendant had notice of said existence. However, the core of Defendant's summary judgment motion does not merely rely upon the supposed lack of a material factual dispute in this matter, but rather it relies upon the doctrine of sovereign immunity. Defendant argues that the State enjoys complete immunity from suit for activities relative to the maintenance of government buildings. The Defendant also argues that the State enjoys complete immunity from suit because Plaintiff cannot prove the existence of egregious conduct. Plaintiff argues that the maintenance of a government building is not a governmental function, and therefore the doctrine of sovereign immunity is inapplicable. Alternatively, Plaintiff argues that even if maintenance of a government building is a governmental function, thereby invoking the barrier of sovereign immunity, the instant case falls within the egregious conduct exception to that doctrine.
 Standard of Review 
"Summary judgment is a drastic remedy to be granted sparingly."Superior Boiler Works, Inc. v. R.J. Sanders, Inc., 711 A.2d 628, 631(R.I. 1998). When a trial justice is ruling on a motion for summary judgment, the only question before him or her is whether there is a genuine issue of material fact that must be resolved. Rotelli v.Catanzaro, 686 A.2d 91, 93 (R.I. 1996). Therefore, summary judgment should be granted "only if an examination of the admissible evidence, undertaken in the light most favorable to the nonmoving party, reveals no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." Kiley v. Patterson, 763 A.2d 583, 585(R.I. 2000) (quoting J.R.P. Associates v. Bess Eaton Donut Flour Co.,685 A.2d 285, 286 (R.I. 1996)). The party opposing the motion has an affirmative duty to specifically set forth all facts demonstrating a genuine issue of material facts. Sisters of Mercy of Providence v.Wilkie, 668 A.2d 650, 652 (R.I. 1996) (citation omitted).
 Public Duty Doctrine 
Under the doctrine of sovereign immunity "individuals who were tortiously injured by an agent of the state or by one of its political bodies were barred from recovery absent express statutory consent or a constitutional waiver of immunity." Resmini, Tort Law and Personal Injury Practice, § 226 at 24 (1999). However, this doctrine has been abrogated by both the court and the legislature. See Becker v. Beaudoin,106 R.I. 562, 571, 261 A.2d 896, 901 (1970) and R.I.G.L. 1956 §§ 9-31-1
and 9-31-2. Section 9-31-1 provides:
 "[t]he state of Rhode Island and any political subdivision thereof, including all cities and towns, shall. . .hereby be liable in all actions of tort in the same manner as a private individual or corporation."
Furthermore, § 9-31-2 provides:
 "[I]n any tort action against the state of Rhode Island or any political subdivision thereof, any damage recovered therein shall not exceed the sum of one hundred thousand dollars ($100,000); provided, however, that in all instances in which the state was engaged in a proprietary function. . .the limitation on damages set forth in this section shall not apply."
Thus, the Government Tort Liability Act allows individuals to sue governmental units in the same manner as individuals for injuries sustained due to the negligence of state or local employees. However, the Act limits the damages recoverable against the State to $100,000, and the Act imposes no monetary limit if the State is acting in a proprietary capacity. At first blush, based only upon a statutory reading, it would seem that an individual could always sue the government for as much as $100,000 and even more in the limited context of proprietary function. Despite these legislative pronouncements, the Defendant in this matter argues that a case law "overlay" shields the State of Rhode Island from exposure to all monetary liability for negligence claims. While such a strong sovereign immunity scheme runs in direct contravention to the government Tort Liability Act, it nevertheless exists pursuant to case law in this Jurisdiction, and it is consistently referred to as the public duty doctrine. Indeed, "[t]he public duty doctrine shields the state and its political subdivisions from tort liability arising out of discretionary governmental actions that by their nature are not ordinarily performed by private persons." Haley v. Town of Lincoln,611 A.2d 845, 849 (R.I. 1992); See also Calhoun v. City of Providence,390 A.2d 350 (R.I. 1978) (noting that despite the broad language of the Rhode Island Tort Liability Act, the Court refused to "attribute to the Legislature the intent to wipe away all barriers to state liability and thereby radically depart from established conceptions of state tort responsibility without a clear statement regarding such a change."). The Court in Calhoun laid to rest all notions that the Tort Claims Act would substantially impair sovereign immunity. Instead the act would only serve to limit immunity to a narrow extent.[1]
Today, after a myriad of decisions discussing sovereign immunity, the "immunity enjoyed by state and municipal governments is applicable to governmental functions, except in three situations: (1) when the governmental entity owes a special duty to the plaintiff, (2) when the alleged act or omission on the part of the governmental entity was egregious, or (3) when the governmental entity engaged in activities normally undertaken by private individuals or corporations." Martinelliv. Hopkins, 787 A.2d 1158 (R.I. 2001). Thus, it is clear that complete
sovereign immunity, that is, immunity from any and all recovery, exists in Rhode Island, subject only to the three aforementioned exceptions. However, it is less than clear what monetary amount may be recovered depending on which exception to sovereign immunity (public duty doctrine) applies. This Court is of the opinion that if the special duty exception or the egregious conduct exception applies, the recovery is limited to $100,000. See § 9-31-2. On the other hand, if the proprietary function exception applies, the statutory damage cap is inapplicable, and the Plaintiff may recover up to any amount. Id. Such a logical scheme was strongly implied in Martinelli; however, because of the stipulated agreement between the parties, which expressly limited damages to $100,000, the Court never directly reached the issue. The issue was reached in the recent Superior Court decision Brady v. State, C.A. 99-0009, May 10, 2002, Darigan, J. In that case, Judge Darigan held that a plaintiff would be able to recover up to $100,000, despite the fact that none of the exceptions to the public duty doctrine applied. While this result seems a perfectly logical one pursuant to the applicable statute, this Court deems it a better result to follow principles ofstare decisis. In fact, no Supreme Court case has ever held that the damage cap applies when no exceptions to the public duty doctrine are present. Rather, in such situations the lack of an exception to the public duty doctrine is a complete bar to recovery. See Reynolds v. State, C.A. No. 89-4369, November 15, 2001, Nugent, J. (based on a slip and fall outside of the Garrahy Courthouse, Judge Nugent held that maintenance of the building was a governmental function, which completely barred recovery, thereby obviating a need to apply the statutory damage cap.). Consequently, the Plaintiff in this case needs to find an exception to the public duty doctrine in order to recover against the State; however, depending on which exception applies, the amount of recovery may be capped by statute or unlimited.
Closely related to the aforementioned discussion, this Court would be remiss if it did not note that it is difficult to reconcile the language contained in previous public duty doctrine cases decided by the Rhode Island Supreme Court. In Houle v. Galloway School Lines, Inc.,643 A.2d 822, 825-26 (R.I. 1994), the Court stated "[o]nly after a determination that the activity at issue could not ordinarily be performed by a private person does the public duty doctrine and its two exceptions — the special duty exception and the egregious conduct exception — become considerations." The aforementioned language suggests that the private/proprietary consideration is more of a threshold issue than an actual exception to the public duty doctrine. Were that to be the case, the Government Tort Liability Act would be rendered entirely superfluous, actually creating a situation whereby either the damage cap would never apply, or alternatively the damage cap would always apply.
This Court, finding itself in a situation where it cannot practically amalgamate and reconcile the applicable case law with statute, will attempt to achieve relative harmony by remaining true to the more recent case law on the topic, which treats the three public duty doctrine exceptions as independent considerations. See Kuzniar v. Keach,709 A.2d 1050, 1053 (R.I. 1998); See also Martinelli. As such, two of the exceptions allow recovery up to $100,000, and the proprietary function activity allows unlimited recovery.[2]
Based upon the foregoing analysis, the public duty doctrine is still a significant obstacle for the Plaintiff in this matter. Plaintiff argues that the egregious conduct exception and the proprietary function exception apply in the case at bar. If the former exception were found to be present, Plaintiff would be entitled to recover as much as $100,000 in damages. Contrastingly, if the latter exception were found present, Plaintiff would statutorily be able to avail herself of unlimited recovery.
 Egregious Conduct 
For egregious conduct exception to apply, the following elements must be established: (1) The state, in undertaking a discretionary action or in maintaining or failing to maintain the product of a discretionary action, created circumstances that forced a reasonably prudent person into a position of extreme peril; (2) the state, through its employees or agents capable of abating the danger, had actual or constructive knowledge of the perilous circumstances; and (3) the state, having been afforded a reasonable amount of time to eliminate the dangerous condition, failed to do so." Haley, 611 A.2d 845, 849 (R.I. 1992) (citingVerity v. Danti, 585 A.2d 65, 67 (R.I. 1991)).
Beside some rather fleeting and conclusory allegations that the Defendant engaged in egregious conduct, Plaintiff has not sufficiently made any showing that the Defendant's actions with regard to the Newport Courthouse steps constituted egregious conduct as defined in Verity. There is not any proffered testimony or proper documentation to show that the State's conduct forced the Plaintiff into a position of extreme peril, nor that the Defendant had actual or constructive knowledge of the perilous circumstances, nor that the Defendant failed to remedy or eliminate the danger. Therefore, while this Court is mindful of Mr. J.J. Antone's testimony concerning dirt on the stairs, as well as evidence relating to the placement of floor mats, there has not been sufficient alleged facts presented to this Court that would preclude the entry of summary judgment in favor of the Defendant. The depositions in this matter, as they relate to the egregious conduct exception, do not indicate that there is a genuine and material factual dispute on the issue of egregious conduct. Furthermore, while Plaintiff attempts to liken the present facts to those in Verity, the case at bar is ultimately distinguishable from the facts in Verity, where the state consciously
decided not to remove a tree from the sidewalk, thereby forcing the Plaintiff into a position of peril. As such, summary judgment should enter in favor of Defendant on the egregious conduct issue.
 Private Proprietary Function 
Plaintiff argues that the activity in the instant case, namely, maintenance of a state building, is a proprietary function or activity that can be performed by a private individual or corporation[3]. InBrady, the Court meticulously analyzed the case law on both sides of this issue. In Brady, the proprietary issue focused on the maintenance of the Rhode Island State House. Judge Darigan relied on Matarese v. Dunham,689 A.2d 1057 (R.I. 1997), wherein the Court stated that "maintenance of a government building is plainly a governmental function." As such, Judge Darigan opined that the maintenance of the Rhode Island State House was a governmental function. Similarly, in the present case, it is clear that maintenance of the Newport County Courthouse is a governmental function.See Sanders v. State, 446 A.2d 748, 751 (R.I. 1982) (maintenance of correctional institution is a governmental function); See also Huhl v.Perrin, 706 A.2d 1328 (R.I. 1998) (school).
In light of the fact that the foregoing exception to the public duty doctrine does not apply, this Court will further grant summary judgment on that issue, as maintenance of the courthouse is a governmental function, rather than one proprietary in nature.
 Conclusion 
Plaintiff has failed to show sufficient evidence that would present triable issues of fact on one of the recognized exceptions to the public duty doctrine. Given that Plaintiff has presented no evidence of egregious conduct or proprietary function, and the fact that a lack of exception operates as a complete bar to recovery, the Plaintiff's claim against the Defendant is dismissed and summary judgment will enter in favor of Defendant. Counsel shall prepare the order.
[1] It is actually unclear from the case law to what extent the Tort Claims Act limited sovereign immunity. The recent partial breakdown of the doctrine has been more a product of the Court than the legislature.
[2] The very fact that the doctrine is referred to as the public duty doctrine creates confusion. The pertinent case law often refers to egregious conduct and special duty as exceptions to the public duty doctrine, thereby implying that exceptions to immunity only apply if the state is acting in a public capacity. Much of the recent case law then goes on to list proprietary function as an exception to the public duty doctrine. Martinelli. While this scheme may appear redundant, it is rendered practically impossible in the context of § 9-31-2, which allows unlimited recovery when the state acts in a proprietary capacity. Literally, this scheme allows the court to make an initial finding that there is governmental activity and a subsequent finding of a proprietary function. However, this framework and the timing associated with it, makes application of the statutory damage cap very difficult. It has therefore been suggested by the Court that the three exceptions be treated as wholly independent considerations. Id. This Court deems that to be an easier method because it is easy in application and seemingly harmonious with § 9-31-2.
[3] As previously stated, this Court is addressing this issue as a wholly independent exception to sovereign immunity, rather than a threshold determination. As such it would only confuse matters were this Court to refer to this exception as an exception to the "public duty doctrine."