**Bradford W. HAWORTH et al.**

v.

**John LANNON et al.**

**Philip Barresi et al.**

v.

**John Lannon et al.**

**No. 2001–515–Appeal.**

Supreme Court of Rhode Island.

Jan. 14, 2003.

Jack D. Pitts, Johnston, for Plaintiff.

John R. Mahoney, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiffs, Bradford and Lizabeth Haworth (the Haworths) and Philip and Grace Barresi (the Barresis), have appealed the entry of final judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure in favor of the defendant, the Town of Warren (town), after the Superior Court granted the town's motion for summary judgment.[1] The plaintiffs argued that the trial justice erroneously concluded that no issue of material fact existed on whether the special duty or egregious conduct exceptions to the public duty doctrine apply in this case. The Supreme Court heard the appeal on December 3, 2002, pursuant to an order directing the parties to show cause why the issues raised should not be summarily decided. After considering the record, the parties'

1. The remaining defendants in the Haworths' action are John Lannon and D & M Custom Homes, Inc. (the builder), Adam Baron and Baron Engineering, Ltd. (the engineer), William Dennis (their title examiner), and Robert Rondeau, Inc. (their real estate agency). The remaining defendants in the Barresis' action are John Lannon and D & M Custom Homes, Inc. (the builder), Adam Baron and Baron Engineering, Ltd. (the engineer), and Calenda & Iacoi, Ltd. (their title examiner). The claims against these defendants are pending in Superior Court.

memóranda, and the oral arguments of counsel, we affirm the summary judgment.

## Facts and Case History

In October 1994, the town planning board approved John Lannon's (Lannon) application to subdivide his property to build two homes for eventual sale by Lannon, a builder. Subsequently, the town issued building permits and certificates of occupancy for both houses, before the buyers were known to the town. The Barresis purchased one of these homes in August 1995; the Haworths purchased the other two months later. The plaintiffs contended that they experienced flooding shortly thereafter, and the flooding has recurred annually between the months of November and June. After plaintiffs contacted the town about the flooding problem, the town's building inspector returned to the properties to reinspect the houses, and plaintiffs learned that the basement floor was below the water table. The plaintiffs estimated that they would incur costs between $45,000 and $90,000 per house to correct the flooding problem.

The plaintiffs' separate suits, consolidated in the Superior Court, alleged that the town was negligent in failing to properly inspect the homes and in failing to ensure that the homes were not subject to flooding. The town asserted that it was not liable under the public duty doctrine and moved for summary judgment. The trial justice granted summary judgment, after finding that plaintiffs had not submitted any evidence demonstrating that either exception to the public duty doctrine was applicable to their claims against the town.

## Public Duty Doctrine

▪ Under the public duty doctrine, municipalities have "immunity from tort liability arising out of their discretionary governmental actions that by their nature are not ordinarily performed by private persons." *Quality Court Condominium Association v. Quality Hill Development Corp.*, 641 A.2d 746, 750 (R.I.1994) (*Quality Court*). The plaintiffs conceded at the summary judgment hearing that the building inspector performs duties not ordinarily performed by private individuals, and the public duty doctrine accordingly shields the town from liability arising out of the inspector's official acts. The sole issue before us is whether genuine issues of material fact existed on whether the egregious conduct or special duty exceptions to the public duty doctrine apply in this case. If either exception were applicable, the town would be liable for the tortious acts of its agent, the building inspector. *Mellor v. Clancy*, 520 A.2d 1278, 1281 (R.I.1987).

▪ This Court reviews *de novo* a trial justice's decision to grant summary judgment, applying the same rules and standards as did the trial justice. *Bennett v. Napolitano*, 746 A.2d 138, 140 (R.I. 2000). We shall affirm a summary judgment if, after reviewing the evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Id.*

▪ The special duty exception to the public duty doctrine allows for governmental liability when injury to a specific plaintiff could or should have been foreseen, either because that plaintiff had some form of previous contact with state or municipal officials, who then knowingly embarked on a course of conduct that endangered the plaintiff, or because a plaintiff has otherwise specifically come within the knowledge of the officials. *Quality Court*, 641 A.2d at 750. Even accepting plaintiffs' contention that the town was on notice that the subject lots were once strawberry

fields and susceptible to receiving surface waters flowing off the surrounding streets, we discern no special duty owed to plaintiffs. This Court has clearly held that, in order for the special duty exception to apply, the town must have specific knowledge of a particular plaintiff. For example, in *Quality Court*, 641 A.2d at 748, 750–51, we held that the city owed the plaintiffs a special duty because the building inspector had specific knowledge of the building occupants, and the inspector had confirmed earlier issuances of certificates of occupancy even though he had noticed construction defects and discussed those defects with the owner.

In contrast, in the case at bar, plaintiffs did not establish that the town owed them a special duty because they have failed to show that the town should have foreseen injury to them in particular. The plaintiffs have offered no evidence indicating that, at the time the homes were undergoing inspection, the town was aware that plaintiffs were the future buyers of the home. In fact, the certificates of occupancy were issued to Lannon, the developer who owned the houses before plaintiffs' purchase of them. *See, e.g., Resmini v. Kilduff Builders*, 661 A.2d 964 (R.I.1995) (mem.) (affirming summary judgment when there was no evidence that the building inspector had committed a wrong or knew of threat to plaintiff).

The plaintiffs argued that a special duty arose in this case because the town did have knowledge that a discrete, albeit unnamed, group would occupy the premises, namely, the first buyers of the two homes. In so arguing, plaintiffs relied on our decision in *Gagnon v. State*, 570 A.2d 656, 659 (R.I.1990), in which we held that when "special circumstances bring to the state's attention that an identifiable individual or a member of an identifiable group is at risk of harm, then a special duty of care is owed by the state." In *Gagnon*, we determined that there did exist such a group, whose members were the children who attended the day-care center that the state allegedly negligently supervised. *Id.* Here, in contrast, the group of potential homebuyers was far more numerous and less easily identified. We thus decline to hold that the town owed a special duty to this generalized group of potential homebuyers when the inspector issued the certificate of occupancy.

The plaintiffs also contended that the egregious conduct exception applies to the instant case. This Court has held that "the public-duty doctrine will not shield a municipality that has engaged in 'egregious conduct' where it 'has knowledge that it has created a circumstance that forces an individual into a position of peril and subsequently chooses not to remedy the situation.'" *Martinelli v. Hopkins*, 787 A.2d 1158, 1168 (R.I.2001) (quoting *Kashmanian v. Rongione*, 712 A.2d 865, 867 (R.I.1998)). Here, nothing in the record indicates that the town was aware that the houses were subject to flooding when it issued the certificate of occupancy or that the flooding posed a position of extreme peril. *See, e.g., Verity v. Danti*, 585 A.2d 65, 67 (R.I.1991) (holding the state liable under the egregious conduct exception for not removing a tree after the state was notified that the tree blocked the sidewalk, and the state's failure to act forced a pedestrian to walk onto Route 44, resulting in the pedestrian suffering severe injuries when she was struck by an automobile). In fact, plaintiffs conceded at oral argument before this Court that the engineering plans approved by the town correctly depicted the water table, and if the houses had been placed on the proper foundations, the flooding problem probably would not have arisen. Thus, although plaintiffs alleged that the town inspector should have

supervised the construction more thoroughly, plaintiffs have not presented any evidence that the town, before its issuance of the certificate of occupancy, was so negligent that its inspection amounted to egregious conduct or created a situation of extreme peril that it then disregarded.

■ Last, in their supplemental memoranda, plaintiffs have urged this Court to abolish the public duty doctrine and suggested that *Martinelli* is instructive on the egregious conduct exception. Although we have observed that "the doctrine verges on the brink of being a legal enigma because of its many exceptions," *Martinelli*, 787 A.2d at 1166, we decline to abandon it in this case. Our holding rests on the policy that the public treasury should not be exposed to claims involving acts done for the public good as a whole, given that "the exercise of these functions cannot reasonably be compared with functions that are or may be exercised by a private person." *O'Brien v. State*, 555 A.2d 334, 337 (R.I. 1989).

■ Additionally, the public duty doctrine continues to serve a pragmatic and necessary function because it can "encourage the effective administration of governmental operations by removing the threat of potential litigation." *Catone v. Medberry*, 555 A.2d 328, 333 (R.I.1989). Moreover, a governmental unit should not be held liable for activities it performs that "could not and would not in the ordinary course of events be performed by a private person at all." *O'Brien*, 555 A.2d at 336–37. Eliminating the public duty doctrine could "subject the state to potential liability for each and every action it undertook. Even minimal insight reveals that this would lead to hesitation on the part of the state to undertake and perform duties necessary to the functioning of a free society." *Orzechowski v. State*, 485 A.2d 545, 549–50 (R.I.1984). Accordingly, we hold that

summary judgment was appropriate because no issues of material fact were presented establishing either of the exceptions to the public duty doctrine, and therefore the town was not subject to liability as a matter of law.

## Conclusion

In summary, we deny and dismiss the plaintiffs' appeal and affirm the judgment of the Superior Court, to which we return the papers in the case.

Justice LEDERBERG participated in all proceedings but deceased prior to the filing of this opinion.